[No. 12813.   In Bank. — April 23, 1889.]

WILLIAM M. COWARD, RESPONDENT, v. D. R. CLANTON, APPELLANT.

APPEAL FROM JUDGMENT — TIME FOR TAKING — DISMISSAL. — An appeal from a judgment taken more than one year after its rendition cannot be considered, and will be dismissed.

PARTNERSHIP — AGREEMENT TO DEAL IN REAL ESTATE — STATUTE OF FRAUDS. — A partnership agreement, the object of which is to deal in real estate and share the profits, is not within the statute of frauds.

ID. — EXECUTED PAROL AGREEMENT — PARTNER ESTOPPED TO DENY VALIDITY. — In an action by one of the partners for an accounting of the profits realized under such an agreement, after the same has been executed, a partner who has received the entire profits is estopped from claiming that the agreement was void under the statute of frauds.

ID. — CONSTRUCTION OF AGREEMENT — PROFITS FROM SALES. — Where a partnership agreement to deal in land provides that one of the partners shall furnish the money to buy the land, and the other shall contribute his skill in selling it, the profits to be equally divided, and in pursuance thereof a tract of land is purchased and a part of it is sold at a profit, but for less than the purchase price paid for the entire tract, no profits are earned, within the meaning of the agreement, in which the partner contributing his skill is entitled to share.

EVIDENCE — PLEADING ADMISSIBLE AS AN ADMISSION. — A pleading in a prior action between the same parties, although superseded by an amendment, is admissible in evidence in a subsequent action against the party filing it as an admission made by him.

ID. — ATTORNEY'S AUTHORITY TO SIGN PLEADING IS PRESUMED. — Where such pleading is signed by an attorney, and not by the party against whom it is offered, but no objection to its admission is made on that ground, it will not be presumed on appeal that the attorney in signing acted without authority.

APPEAL from a judgment of the Superior Court of Yolo County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*George P. Harding*, for Appellant.

The parol agreement that the plaintiff should sell land for the defendant is invalid. (Civ. Code, sec. 1624, subd. 6.) It is not rendered valid by calling it a partnership agreement. (*Gray* v. *Palmer*, 9 Cal. 617.) The court erred in excluding the answer of the plaintiff, filed in

another action, in which he claimed that in selling the land he was only a broker or agent for the defendant. While a litigant cannot be prejudiced by a superseded pleading in an action in which it is filed, it is admissible in another action against him. (2 Wharton on Evidence, 838; *Duff* v. *Duff*, 71 Cal. 513.)

*E. R. Bush, R. Clark,* and *Hudson Grant,* for Respondent.

The partnership agreement to deal in lands and share in the profits is not within the statute of frauds. (1 Collyer on Partnership, 11; *Chester* v. *Dickenson,* 54 N. Y. 1; 13 Am. Rep. 550; *Bissell* v. *Harrington,* 18 Hun, 81; *York* v. *Clemens,* 41 Iowa, 101; *Sherwood* v. *St. Paul R. R.,* 21 Minn. 130; *Snyder* v. *Woodford,* 33 Minn. 175; 53 Am. Rep. 22, and cases there cited; *Bunnell* v. *Traintor,* 4 Conn. 573, and cases cited in foot-note; *Holmes* v. *McCray,* 51 Ind. 358; 19 Am. Rep. 736; *Dale* v. *Hamilton,* 5 Hare, 369; *Essex* v. *Essex,* 20 Beav. 449; *Hunter* v. *Whitehead,* 42 Mo. 524.)

WORKS, J.— The plaintiff and respondent brought his action in the court below, against the appellant, upon a contract which he avers in his complaint was one of partnership, by which the defendant was to furnish the capital to purchase real estate, and the plaintiff to furnish the necessary skill and labor in reselling the same, and to pay certain expenses connected therewith, the parties to share equally the profits realized from such resales; that a certain tract of land was purchased in pursuance of the contract, in the name of the defendant; that there was a net profit resulting from such resale, which the defendant had received and failed to account for.

The prayer of the complaint was for a dissolution of the partnership, an accounting, and judgment for plaintiff for the share of the profits found to be due him.

The defendant denied the partnership, and alleged that

he had, by the contract, employed the plaintiff to sell the real estate, as his agent, upon terms similar to those set up by plaintiff.

The contract is alleged to have been in parol, and it is so found by the court.

The matter of accounting was referred to a commissioner, who found that the tract of land was purchased for $20,000, and was sold in parcels for an amount aggregating $24,156.50; that the net profits amounted to $3,420.66, and that respondent was entitled to recover $1,710.33, and judgment was rendered accordingly. Upon a motion for a new trial, the court below found that the findings of the commissioner that the whole of the tract had been sold were not sustained by the evidence. The decision was as follows: "The motion for a new trial in this action having been submitted and considered by the court, the court, being fully advised, decides that the finding herein, to the effect that the plaintiff and defendant, or either of them, sold to Jeans Brothers twenty acres of land for $3,000, is not sustained by the evidence; and that the finding herein, to the effect that plaintiff and defendant, or either of them, sold to J. I. Eaton thirty acres of land for $4,500, is not sustained by the evidence; and that the finding that the plaintiff and defendant, or either of them, sold to H. D. Rodgers five acres of land for $1,050, is not sustained by the evidence; and the court in this decision finds and decides that none of said sales were made by plaintiff and defendant, or either of them; and the court further adjudges and decrees that by reason of said sales not being made, the amount of the judgment heretofore rendered herein is too large by $812.50; and it is ordered that unless the plaintiff, within five days from the filing of this order, consents that said judgment be reduced to the sum of $1,500, that a new trial of said cause be granted, and that it be so ordered."

Upon this finding, the court ordered that a new trial

be granted unless the plaintiff remit the said sum of $812.50, which was done, and the new trial was thereupon denied. The defendant appeals from the judgment, and from the order denying him a new trial, but the appeal from the judgment was taken more than one year after its rendition, and cannot be considered.

We think, however, that the material questions raised in the case are presented by the appeal from the order denying a new trial.

As we have seen, the plaintiff contended that the contract between the parties was one of partnership, the object being to buy and sell real estate, the net profits to be divided equally; while the defendant contended that the contract was one of agency, the plaintiff to have a share of the profits as his commissions for the sale of the tract of land described in the complaint. Upon this question the court below found for the plaintiff.

The defendant contends in this court that, conceding that the contract was one of partnership, as it was in parol, it was within the statute of frauds, and cannot, for that reason, be enforced.

It was held by this court, in an early case, that a partnership, the object of which was to deal in real estate, could not be formed by a contract resting in parol. (*Gray* v. *Palmer*, 9 Cal. 616, 639.) The question seems not to have been very thoroughly considered, and the case is clearly against the great weight of authority. (*York* v. *Clemens*, 41 Iowa, 95, 101; *Sherwood* v. *St. Paul and Chicago R'y Co.*, 21 Minn. 127; *Snyder* v. *Wolford*, 33 Minn. 175; 53 Am. Rep. 22; *Bunnell* v. *Tainter*, 4 Conn. 568; *Holmes* v. *McCray*, 51 Ind. 358; 19 Am. Rep. 736; *Dale* v. *Hamilton*, 5 Hare, 368; *Hunter* v. *Whitehead*, 42 Mo. 524; *Chester* v. *Dickerson*, 54 N. Y. 1; 13 Am. Rep. 550.)

The contract, as between the parties to it, does not in any way affect the title to real estate, nor does the present controversy between the parties involve any such question.

The subject-matter of the contract was the *profits* to be realized from sales made, and the controversy here is as to such profits, and the adjustment of accounts as between the partners. This is a matter over which a court of equity has complete jurisdiction, and the defendant cannot, after the contract has been executed, and the profits have gone into his hands, be heard to say that the contract under which the profits were realized was void under the statute of frauds.

But admitting the contract to have been one of partnership, it is conceded that to entitle the respondent to recover, it must appear that profits were made by the purchase and sale of the lands. This was shown by the findings of the commissioner, which were adopted by the court. By the specifications of particulars in which the findings were not sustained by the evidence, the sufficiency of the evidence to sustain the findings that certain sales of the property were made are brought in question. The court below found that such findings were not sustained by the evidence, and that some of the alleged sales had not been made. It is conceded that before the respondent could recover the purchase-money paid for the real estate, with interest, certain expenses must be paid, or enough be realized to pay the same. The findings of the commissioner are to the effect that the purchase-money for the tract of land was twenty thousand dollars. If the amounts of the supposed sales, which the court found on the hearing of the motion for a new trial were not made, are deducted from the gross amount found by the commissioner, there was not sufficient realized to repay the purchase-money, to say nothing about interest and expenses. This being the case, we are unable to see upon what theory the court below could have found that the respondent was entitled to recover the sum of fifteen hundred dollars, or any other amount. When these amounts were deducted, it clearly appeared that the respondent was not entitled to recover,

for the plain reason that no profits were proved. Instead of requiring the respondent to remit a part of his judgment, and then denying a new trial, the new trial should have been granted.

The respondent contends that it was sufficient for him to show that for that portion of the entire tract sold a profit had resulted, but we are not inclined to give the contract such a construction. There would be no justice or equity in giving the respondent a share of the purchase-money of the part sold, and leaving the appellant with the remainder of the tract on his hands, upon the sale of which a loss might occur. As we view the contract and the evidence, the whole tract must have been sold at a profit to entitle the respondent to recover a money judgment. If a part of the property remains unsold, and it is shown to be partnership property, it may be disposed of as other partnership assets are disposed of in closing up the business; but a court of equity cannot say that one of the partners shall take the money and the other the land, under the circumstances of this case.

There is another question presented by the record which may arise upon another trial, and we for that reason find it necessary to pass upon it.

The appellant offered in evidence an answer of the respondent in another action between the parties here, in which he alleged an indebtedness from the appellant to him for commissions for the sale of a part of this tract of land *as appellant's agent.* As the appellant was contending in this case that these sales were made by respondent as his agent, and not as a partner, it will be seen that the answer contained a material admission. But the respondent objected to the admission of the answer, on the ground that it was superseded by the filing of another answer in this case. This was no reason for excluding it as evidence. No matter if it had ceased to exist as a pleading in the cause, it was still binding upon

the respondent as an admission. It is urged here that the answer was not verified, and was not signed by the respondent, but by his attorney. It is enough to say that this objection to its admission was not made in the court below, and this court will not presume, under such circumstances, that the attorney was acting without authority. There is some confusion in the cases as to the right to introduce a pleading in evidence, where the same is signed by an attorney, without first proving that it was pleaded with the knowledge and by the authority of the party. (*Duff* v. *Duff*, 71 Cal. 513, 521; *Cook* v. *Barr*, 44 N. Y. 156; *Kamm* ⲧ. *Bank of California*, 74 Cal. 191.)

In our judgment, it should be presumed, where a pleading is filed by the attorney of the party, that such attorney was acting within his authority, and that the pleading should be regarded as the admission of the party, subject to his right to show that, as a matter of fact, the pleading was not authorized by him. But as the point is not directly raised here, and a decision of the question is not necessary, we do not pass upon it.

Under the objection made to it, the answer should have been admitted.

The appeal from the judgment is dismissed, and the order denying a new trial reversed.

THORNTON, J., McFARLAND, J., SHARPSTEIN, J., and PATERSON, J., concurred.

BEATTY, C. J., concurring.—I think the contract sued on was wholly invalid, and therefore concur in the judgment.