[S. F. No. 5876.  Department Two.—April 23, 1915.]

## C. M. ARNOLD, Respondent, v. B. E. LOOMIS et al., Appellants.

PARTNERSHIP—PAROL AGREEMENT TO DEAL IN LAND—PAROL EVIDENCE TO SHOW.—A copartnership for the purpose of engaging in the business of buying, selling, and dealing in real estate may be created by parol, and necessarily proof of its continued existence may be shown by oral testimony.

ID.—DEED TAKEN IN NAME OF WIFE OF PARTNER—VOLUNTARY TRUST—STATUTE OF LIMITATIONS.—Where a wife of one of the partners accepted a deed in her own name to land purchased for the copartnership, with knowledge of the purpose for which it was made to her and of the partnership agreement, the law implied a promise on her part to reconvey. The transaction created a voluntary continuing trust in her, against which the statute did not begin to run until she repudiated it.

ID.—ACTION TO ENFORCE TRUST—ADVANCE OF PURCHASE PRICE BY TRUSTEE.—In an action by the other partner to enforce such trust as to a portion of the land remaining unsold, the fact that the grantee had advanced to her husband, who was her agent, a part of his share of the purchase price, becomes immaterial, if she had been previously repaid the amount so advanced from the proceeds of the portions sold.

APPEAL from a judgment of the Superior Court of Contra Costa County and from an order refusing a new trial. R. H. Latimer, Judge.

The facts are stated in the opinion of the court.

William H. Schooler, for Appellants.

W. S. Tinning, and Lee D. Windrem, for Respondent.

MELVIN, J.—The complaint alleges that on May 1, 1899, plaintiff and B. E. Loomis were partners engaged in buying, selling, and dealing in real property in Contra Costa County, and that on that date they entered into an agreement to buy a tract of about twenty acres from one A. F. Pacheco and his wife. Certain details of the transaction not necessary for consideration here are also set out in the complaint, and the subsequent payment of one-half of the purchase price

for the land by each of the copartners is alleged. There are further averments that the Pachecos, at request of the co-partners, conveyed the property to Mollie A. Loomis, wife of B. E. Loomis; that part of the property was afterwards sold by the copartners, the proceeds being used to discharge the liens of certain mortgages; that 8.66 acres of the land remained unsold, and that plaintiff had vainly demanded conveyance of a half interest therein from defendants. The prayer was for judgment decreeing that Mollie A. Loomis held the property in trust for her husband and for the plaintiff share and share alike, and that she be compelled to execute a conveyance of plaintiff's interest to him, or to sell the land under order of court and distribute the proceeds in equal parts to the copartners. In their answer the defendants denied the existence of the alleged copartnership, and the payment for the land in the manner alleged, but averred that the property was purchased by Mollie A. Loomis with her separate funds. The statute of limitations was also pleaded. Findings and judgment were in favor of plaintiff. Defendants have appealed from the judgment and from the order denying their motion for a new trial.

The formation of a copartnership rests upon the testimony of Mr. Arnold alone. He did not prove any written contract of copartnership. The only writing in evidence which at all relates to the interest of plaintiff and B. E. Loomis in the land is as follows:

"San Francisco, March 4, 1901.

"This will certify that C. M. Arnold is entitled to one-half of the net proceeds of the eight and a fraction acres situated on Wild Cat Creek when sold. Said land being in Contra Costa County, and that said Loomis shall in like manner share in the commissions to be made in case of sale of the Horton tract or any portion of said land adjoining the 8.66 acres.

"(Signed)    C. M. ARNOLD,
"B. E. LOOMIS."

Mrs. Loomis as a witness stated that she had read this document but had regarded it as merely an agreement to divide commissions. The plaintiff testified that he had never conversed with Mrs. Loomis about the property either before or after the deed was executed and delivered to her as grantee of the Pachecos. His theory was that a trust in his favor

had been thrown upon Mollie A. Loomis by her acceptance of the deed.

Appellants insist that there is no evidence to support the finding with reference to the existence of a partnership between plaintiff and Mr. Loomis. It is true that the formation of the copartnership rests upon Mr. Arnold's testimony, but a copartnership of this kind may be created by parol (*Coward* v. *Clanton,* 79 Cal. 26, [21 Pac. 359]; *Bates* v. *Babcock,* 95 Cal. 484, [29 Am. St. Rep. 133, 16 L. R. A. 745, 30 Pac. 605]), and necessarily proof of its continued existence may depend entirely upon oral testimony. But there was other evidence that B. E. Loomis had admitted the existence of a partnership in the ownership of the land. Plaintiff's wife and another witness testified to such admissions and the written instrument clearly recognizes the right of C. M. Arnold to share equally in the "net proceeds" of the land in question. But appellants say that Mrs. Loomis was not bound by any of these things. While it is true that she was not present when the copartnership was formed or when the admissions in evidence were made by her husband, it is equally true that she knew of the writing in which Mr. Loomis unqualifiedly admitted that Mr. Arnold was entitled to one-half of the "net proceeds." This admission was made within two years after the land was purchased. Mrs. Loomis testified that her husband acted as her agent in all the matters pertaining to the property. She knew, as she admitted, that her husband and Mr. Arnold were to help sell the land and as sales of parts of it were made from time to time she signed the deeds. As Mr. Loomis was her agent, his acts were binding upon her.

But appellants insist that as Mrs. Loomis furnished part of the money for the property she acquired an interest which must be recognized. The court found that she advanced part of the money paid by her husband, but that she was afterwards repaid. This finding is supported by plaintiff's testimony that the entire purchase price of the land was realized and paid from the sales of a portion of it, and it is therefore immaterial how much was advanced by either partner or the source from which Mr. Loomis derived the money which he put into the purchase from the Pachecos. The written declaration also supports the conclusion that at the date

thereof all matters relating to the purchase price had been settled.

Acceptance of the deed to the property with knowledge of the purpose for which it was made to her and of the agreement between her husband (who was her agent) and C. M. Arnold implied a promise on Mrs. Loomis's part to reconvey. It was a voluntary trust, not, as appellants contend, an involuntary one against which the statute of limitations begins to run immediately upon its creation. It was not merely a constructive trust, but it was one voluntarily assumed and intended by the parties to be a continuing one. Against such a trust the statute of limitations does not begin to run until the trustee repudiates it. (*Butler* v. *Hyland,* 89 Cal. 581, [26 Pac. 1108]; *Odell* v. *Moss,* 130 Cal. 359, [62 Pac. 555]; *Taylor* v. *Morris,* 163 Cal. 722, [127 Pac. 66].)

No other alleged errors require consideration.

The judgment and order are affirmed.

Henshaw, J., and Lorigan, J., concurred.