[Civ. No. 2577. Second Appellate District.—September 20, 1918.]

ROBERT H. INGRAM, Respondent, v. D. JOHNSTON et al., Appellants.

PARTNERSHIP—AGREEMENT TO SHARE PROFITS IN PURCHASE OF LAND—RIGHT TO ACCOUNTING.—Where, in an action to establish the existence of a partnership and for incidental relief, it appeared that land had been acquired and title thereto taken in the name of one of the defendants in pursuance of an agreement between plaintiff and the two defendants, that the plaintiff and defendants were to share equally in the profits to be made, it is immaterial whether the transaction, in a legal sense, constituted a partnership or a trust, since in either case the plaintiff was entitled to at least his agreed interest in the net profits derived from the property, and for an accounting by defendants of their management thereof.

ID.—STATUTE OF FRAUDS.—The statute of frauds, while requiring an agreement by which an estate or interest *in lands* is to be created to be in writing, does not prevent parol proof for the purpose of showing an interest in the profits to be derived from the sale of lands.

ID.—VOLUNTARY TRUST—STATUTE OF LIMITATIONS.—The statute of limitations did not begin to run against a voluntary trust until the trustee repudiated it.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. John M. York, Judge.

The facts are stated in the opinion of the court.

Barstow, Beach & Rohe and Chester L. Lyman, for Appellants.

Denis & Loewenthal, for Respondent.

SHAW, J.—Plaintiff, alleging the existence of an agreement of copartnership between himself and defendants, under and pursuant to which certain described land was purchased by defendants, asked for a decree establishing the existence of such copartnership and for incidental equitable relief.

The court found that the partnership agreement was made as alleged, and that by virtue of the relationship and agreement so made between the parties, plaintiff was entitled to a one-eleventh interest in the unsold property and in the net proceeds of that which had been sold, subject to certain liens and charges established against the same, and entered a decree in accordance therewith.

The appeal is from the judgment and an order of court denying defendants' motion for a new trial, in support of which a bill of exceptions is presented.

Appellants' chief contention, and that to which their voluminous brief is almost entirely devoted, is that the finding that the copartnership agreement was entered into under which the property was acquired and plaintiff entitled to such interest in the land, is unsupported by the evidence. While as to this alleged agreement the evidence is sharply conflicting, that given on behalf of plaintiff, and which the court found to be true, clearly tends to show that prior to the acquisition of the property plaintiff and defendants entered into an agreement contemplating the purchase, for resale and speculation therein, of what was known as industrial property; that is, property which by reason of its location with relation to railroads was adapted to manufacturing purposes; that for some time prior to the making of this agreement plaintiff had been engaged in acquiring such property for the Southern Pacific Company, by reason of which fact he was in

possession of much valuable expert knowledge and information, on account of which it was agreed that he should not be required to furnish any part of the copartnership capital, but that his knowledge, counsel, and advice should constitute his share thereof. Some months thereafter, and after considering a number of pieces of property and advising with plaintiff, it was finally agreed to purchase the property in question, title to which was to be in the name of Johnston for the benefit of the copartners, who were to share equally in the profits derived therefrom. The first payment made upon the property was twenty-two thousand dollars, upon the making of which the title was taken in the name of Johnston, who thereafter, without plaintiff's knowledge, conveyed it to the Title Insurance & Trust Company, in trust, which company, as evidence of the trust and interest therein, issued four certificates, one of which, issued in the name of H. B. Smith, was for a two twenty-seconds interest in the property, which certificate is conceded by defendants to have represented the interest of plaintiff in said property. Notwithstanding plaintiff's contention that he was by the terms of the agreement not required to contribute any money toward carrying out the enterprise, it seems that defendant Johnston, some time after the purchase, called upon him and suggested that inasmuch as Mr. Smith was carrying his part of the burden, the latter desired as an evidence of good faith on his part that he should give him a note for two thousand dollars, at the time stating that he would not be called upon for the payment thereof. Plaintiff gave the note as requested and this note was at all times retained by defendants and produced at the trial, and defendants at all times retained possession of the certificate for a two twenty-seconds interest in the property for which, according to their testimony, the note was given. At the time of the purchase, real estate of the character purchased was quite active in the vicinity of Los Angeles, and it was believed by all parties concerned that a quick turn thereof would be made at a profit. In 1907, however, there was a cessation of such activity and the carrying of the property became a burden, which it appears was assumed by defendant H. B. Smith. At no time was plaintiff called upon to contribute anything toward the carrying charges, nor the payment of the note. That an agreement was entered into to form a partnership for the purchase of property, the parties thereto to share in

the profits, the consideration of which, so far as plaintiff was concerned, was his knowledge, counsel, and advice, and that thereafter the parties joined in selecting for purchase and did, in accordance with the agreement to share in the profits of the joint adventure, acquire in the name of Johnston the property in question, clearly appears from the evidence offered by plaintiff. That the undissolved relationship and transaction had thereunder entitled plaintiff to relief, is supported by *Koyer* v. *Willmon,* 150 Cal. 785, [90 Pac. 135], *Doudell* v. *Shoo,* 20 Cal. App. 224, [129 Pac. 478], *Whitley* v. *Bradley,* 13 Cal. App. 721, [110 Pac. 596], *Coward* v. *Clanton,* 79 Cal. 26, [21 Pac. 359], *Bates* v. *Babcock,* 95 Cal. 484, [29 Am. St. Rep. 133, 16 L. R. A. 745, 30 Pac. 605], and *Arnold* v. *Loomis,* 170 Cal. 95, [148 Pac. 518]. Moreover, while conceding that plaintiff acquired such one-eleventh interest in the profits of the deal for which he gave his promissory note, defendants insist that he voluntarily surrendered the same by returning the certificate issued in evidence thereof. But plaintiff's testimony is that the certificate was never delivered to him, nor did he even know of its existence, and hence he could not and did not return it. The fact that defendants retained his note, producing it at the trial, showing that it had never been returned to him, taken in connection with plaintiff's testimony, sufficiently establishes the fact that plaintiff never at any time surrendered the interest conceded by defendants to have been acquired by him, nor agreed to a release of such interest. Hence, if the transaction, as claimed by defendants, be deemed to have created a trust wherein plaintiff to the extent of a one-eleventh interest, was a beneficiary in the profits arising therefrom, he was entitled to have an accounting made by defendants as to their management of the property and to receive the interest which the decree awarded him. As we view the record, it is immaterial whether the transaction, in a technical legal sense, constituted a partnership or a trust, since in either case plaintiff was entitled to at least a one-eleventh interest in the net profits derived from the property and for an accounting by defendants of their management thereof. The language used in *Bedolla* v. *Williams,* 15 Cal. App. 741, [115 Pac. 748], is peculiarly applicable here. It is there said: ''We think it unnecessary in this case to decide whether or not the agreement between the parties constituted them

copartners, or provided for such a joint venture as would entitle either of them to an accounting from the other, because the allegations of the complaint show that the plaintiff is entitled to some remedy, either legal or equitable. In such a case, where, as here, an answer has been filed, the court may grant plaintiff any relief consistent with the case made out by him and embraced within the issues.'' The evidence received on behalf of plaintiff and considered in connection with the testimony of defendants, together with the reasonable inferences to be drawn therefrom, clearly shows that as to the property described in the complaint a fiduciary relation, never dissolved, nor, until shortly before the commencement of the action, repudiated, was in fact established, from which it follows that, whatever its technical nature, plaintiff was entitled to an accounting by defendants of their management of the property involved, and, as found by the court, to *not less* than a one-eleventh interest in the net profits arising therefrom.

Thus viewed, appellants insist that any right of action on the part of plaintiff would be obnoxious, not only to the statute of frauds, but to the statute of limitations. In reply to this we may say 'that the statute of frauds does not prevent parol proof for the purpose of showing an interest in the profits to be derived from the sale of lands, but declares that an agreement by which an estate or interest *in lands* is to be created must be in writing. (*Bates* v. *Babcock, supra.*) To the same effect are *Doudell* v. *Shoo, supra,* and *Bond* v. *Taylor,* 68 W. Va. 317, [69 S. E. 1004]. Appellants failed to plead the statute of limitations. However, it sufficiently appears that if the transaction constituted a trust, it was a voluntary trust, against which the statute of limitations could not begin to run until the trustee repudiated it (*Arnold* v. *Loomis, supra*), and this from the record appears to have been a short time before the commencement of the action.

We deem it unnecessary to notice a number of alleged errors predicated upon rulings of the court in the admission and rejection of evidence. As appellants in their brief say, these are minor matters, and an examination of them shows that, under our view of the case, they could in no event have prejudiced the substantial rights of defendants. In this connection, suffice it to say that the record, taken as a whole, shows the case to be one for the application of section 4½ of

article VI of the constitution, and, conceding the existence of technical errors, they have not resulted in a miscarriage of justice; and, conceding, further, a conflict in the evidence and inconsistencies in the testimony of plaintiff himself, it was the duty of the court, so far as possible, to reconcile such conflicts and inconsistencies, and in determining the weight thereof it might accept plaintiff's evidence in part and discredit it in part.

The judgment and order are affirmed.

Conrey, P. J., and James, J., concurred.