(March 9, 1927.)

## A. D. DAVIS, Respondent, v. CONSOLIDATED WAGON & MACHINE CO., Appellant.

[254 Pac. 523.]

LIMITATION OF ACTIONS—ACTION FOR CONVERSION—TOLLING OF STATUTE—EFFECT.

Action for conversion of notes *held* barred after three years by C. S., sec. 6611, subd. 3, on failure of plaintiff to show that defendant's alleged fraudulent concealment of cause of action might not have been sooner discovered by exercise of ordinary diligence, within sec. 6611, subd. 4, tolling statute in case of actions for relief on ground of fraud or mistake until after discovery of facts.

APPEAL from the District Court of the Fourth Judicial District, for Camas County. Hon. H. F. Ensign, Judge.

Action for conversion of two promissory notes. Judgment for plaintiff. *Reversed and remanded.*

---

Publisher's Note.

17 R. C. L. 688, 858.

See Limitation of Actions, 37 C. J., sec. 351, p. 972, n. 6; sec. 772, p. 1245, n. 84, p. 1246, n. 86, 88; sec. 780, p. 1251, n. 89.

Harry J. Benoit, for Appellant.

The action was barred by the statute of limitations, not being an action for relief on the ground of fraud or mistake. Respondent's sixth amended complaint does not allege that appellant knew that the statements made, relative to the notes being attached, were false at the time of making them, nor is it alleged that he had a right to rely on said statements. (26 C. J. 1062, and cases cited.)

"Where fraud, concealment and ignorance of the facts are relied upon to suspend the running of the statute of limitations, there must have been such concealment as would prevent a person exercising due diligence from discovering the facts." (*Stout v. Cunningham*, 33 Ida. 464, 196 Pac. 208; *Williams v. Shrope*, 30 Ida. 746, 168 Pac. 162; *Security Commercial & Sav. Bank v. Seitz*, 43 Cal. App. 353, 185 Pac. 188.)

"One seeking equity to set aside a solemn judgment on the ground of fraud must show affirmatively why he failed to avail himself of sources of information easily within his reach." (*Dowling v. Spring Valley Water Co.*, 174 Cal. 218, 162 Pac. 894; *Glindeman v. Ehrenpfort*, 29 Cal. App. 87, 154 Pac. 481; *Davis v. Hibernia Sav. & Loan Soc.*, 21 Cal. App. 444, 132 Pac. 462; *Wonnacott v. County of Kootenai*, 32 Ida. 342, 182 Pac. 353; *Canyon County v. Moore*, 34 Ida. 732, 203 Pac. 466; *Ryan v. Old Veteran Mining Co.*, 37 Ida. 625, 218 Pac. 381.)

Frank Croner, for Respondent.

It is conceded that the words and acts of the appellant were false, but appellant contends that respondent should not have been deceived. (*Reed v. Robinson*, 83 Okl. 68, 200 Pac. 773.)

"Where ignorance of the law exists on one side, and that ignorance is known and taken advantage of by the other party, the former will be relieved. More particularly will this be so if the mistake was encouraged or induced by mis-

representations of the other party.'' (Bispham's Principles of Equity, 188; Kerr on Fraud and Mistake, 399, 400; *Epp v. Hinton,* 91 Kan. 513, 138 Pac. 576, L. R. A. 1915A, 675.)

VARIAN, Commissioner.—This is an action for the conversion of two promissory notes. Trial by jury was waived and the cause tried upon a stipulation of facts.

In view of the conclusion reached it will be unnecessary to discuss the court's action in overruling the demurrer to the amended complaint. The ruling was correct.

The answer denies generally the allegations of the amended complaint, and pleads the statute of limitations by way of further defense. The court found that there was a fraudulent concealment of respondent's cause of action by appellant, which tolled the running of the statute of limitations.

The facts relied upon by respondent to toll the statute are in effect as follows: That on or about May 25, 1914, the two notes in question came into appellant's possession without the knowledge or consent of respondent; that about said date an action was commenced by appellant in the justice court against respondent, and a summons and purported writ of attachment were served upon respondent in said action by a constable; that on the same day one D. J. Evans, agent of appellant, when asked by respondent what the attachment meant, said that the notes in controversy here had been attached, and were in the custody of the law, and that they ''were not worth a damn''; that at divers times thereafter, respondent called upon said Evans and inquired why said notes could not be returned to respondent, and that said Evans answered that said notes were attached and in the custody of the law, and that he could not and would not return them; that some time after the conversation had with said agent, respondent, at the suggestion of Evans, called on appellant's then attorney, who exhibited the notes to respondent and told him they were attached and in the possession of appellant and could not be re-

turned; that respondent believed the statements of said attorney, and at all times believed the statements of said Evans, and believed said notes were attached and legally held by appellant; that it is not known how the notes came into appellant's hands; that they had been placed by respondent in the bank at Bellevue for safekeeping; that afterward and prior to May 25, 1914, the notes were transferred to an attorney at Hailey for collection; that, as a matter of fact, said notes were never attached in any proceeding whatever; that respondent relied solely upon statements made to him by appellant's agent and attorney, and believed said notes were attached up and until some time in July, 1917, when he consulted an attorney and was informed for the first time that the notes were not attached.

The stipulation does not show that the alleged false representations by appellant's agent and attorney were known to be false when made by them.

The answer pleads that respondent's action is barred by the provisions of C. S., sec. 6611, subd. 3,—providing that certain actions must be brought within three years. Said subdivision reads as follows:

"3. An action for taking, detaining or injuring any goods or chattels, including actions for the specific recovery of personal property."

There is no saving exception to this statute as in the case of actions for relief on the ground of fraud or mistake where the cause of action is not deemed to have accrued until after discovery of the facts constituting the fraud or mistake. (C. S., sec. 6611, subd. 4.)

As we understand it, respondent's theory is that, in the absence of any statute providing therefor, in an action at law, "Where a party against whom a cause of action has accrued in favor of another by actual fraudulent concealment prevents such other from obtaining knowledge thereof, the statute of limitations will begin to run from the time the right of action is discovered or might have been discovered by the exercise of ordinary diligence." (*Mereness*

*v. First Nat. Bank,* 112 Iowa, 11, 84 Am. St. 318, 83 N. W. 711, 51 L. R. A. 410.)

This rule is fully discussed in *Carrier v. Chicago, R. I. & P. Ry.,* 79 Iowa, 80, 44 N. W. 203, 6 L. R. A. 799. The doctrine had formerly been in force in Massachusetts, Maine and other states. In many states the statute expressly provides that fraudulent concealment of the cause of action by a defendant operates to toll the statute and set it in operation only after discovery. On the other hand, in many other jurisdictions where the statute is silent on this point, the courts hold to the contrary, the rule being stated by Wood in his work on Limitations, 4th ed., vol. 2, sec. 252, p. 1192, as follows:

"The statute begins to run against a party immediately upon the accrual of a right of action, unless at that time he was under some of the disabilities named in the statute; and a saving or exception not found in the statute will not be implied, however much it may be within the reason of other exceptions."

However, the facts stipulated are not sufficient to bring respondent within the rule contended for by him, in that the alleged concealment might have been sooner discovered had he exercised ordinary diligence. He ascertained, on seeking advice of counsel in July, 1917, that the statements made to him were false, and the notes were not attached. It would seem that respondent was required to promptly consult counsel when it became known to him that the notes were claimed under attachment, in order to ascertain the legal status of appellant's title thereto. Instead, he apparently is not concerned about the matter further, and sleeps on his rights for more than three years before inquiring of counsel what they may be. This is not ordinary diligence.

In a case construing C. S., sec. 6611, subd. 4, providing that in case of an action for relief on the ground of fraud or mistake, the action will not be deemed to have accrued until after the discovery of the fraud, etc., this court said:

"In cases of this character where fraud, concealment and ignorance of the facts are relied upon to suspend the running of the statute of limitations, there must have been such concealment as would prevent a person exercising due diligence from discovering the facts. What diligence was used is a question of law to be determined by the court from the complaint. Mere conclusions of law are not sufficient to remove the bar of the statute. The particulars of the discovery must be alleged. It should be stated when the discovery was made, what it was, how it was made, and why it was not made sooner." (*Stout v. Cunningham,* 33 Ida. 464, 196 Pac. 208.)

To like effect is the language of the court in *Murray v. Chicago & N. W. Ry. Co.,* 92 Fed. 868, where the United States circuit court of appeals for the eighth circuit had under consideration the application of the rule contended for by respondent as then prevailing in Iowa.

In the instant case the circumstances of the discovery of the concealment of respondent's cause of action are not fully plead nor stipulated, nor does it appear why the discovery could not have been sooner made. Respondent not having brought himself within either of the rules mentioned, it is not deemed necessary to determine which of these rules should be declared in force in this state, the question not being squarely before the court.

We recommend that the judgment be reversed and the cause remanded, with directions to dismiss the action.

Johnson and Brinck, Commissioners, concur.

PER CURIAM.—The foregoing is approved as the opinion of the court; the judgment is reversed and the cause remanded, with directions to dismiss the action. Costs to appellant.