(No. 4776.   November 30, 1927.)

MAUD DAVENPORT, Respondent and Cross-Appellant, v. ALBERT BIRD and EFFIE BIRD, Appellants.

[261 Pac. 769.]

CONSTRUCTIVE TRUST—REPUDIATION—STATUTE OF LIMITATIONS AS TO CESTUI QUE TRUST—QUIETING TITLE.

1. Funds advanced husband by wife, with oral understanding and agreement that house erected therewith on property standing in his name should be her separate property during her life, and that on her death remainder in fee should become property of daughter, *held* to establish trust for daughter.

2. Execution of mortgage and attempt to convert premises into community property more than four years before commencement of action by *cestui que trust*, under voluntary continuing parol trust agreement, *held* not to set limitations running and so bar such action where acts of repudiation were not unequivocally brought home to *cestui que trust* until about year before commencement of action.

3. Statute of limitations does not begin to operate on right to bring action for repudiation of voluntary continuing parol trust agreement until such repudiation is unequivocally brought home to *cestui que trust*.

4. Where wife advanced sum to husband to erect house on property standing in his name, with voluntary continuing parol agreement that she should have life estate, remainder in fee to her daughter in house built, but husband repudiated trust by executing mortgage and conveying to community, daughter could quiet title to extent of sum advanced only, and was not entitled to decree covering entire property.

Publisher's Note.

1. Sufficiency of evidence to establish constructive trust, see note in Ann. Cas. 1916D, 1194.  See, also, 26 R. C. L. 1251.

3. Limitation of actions between trustor and trustee, see notes in 99 Am. Dec. 389; 3 Ann. Cas. 200; 13 Ann. Cas. 1165; Ann. Cas. 1917C, 1018.  See, also, 17 R. C. L. 710, 794.

See Limitations of Actions, 37 C. J., sec. 267, p. 903, n. 22; sec. 295, p. 925, n. 57.
Quieting Title, 32 Cyc., p. 1380, n. 88.
Trusts, 39 Cyc., p. 72, n. 97.

APPEAL from the District Court of the Seventh Judicial District, for Gem County. Hon. Ed. L. Bryan, Judge.

Action to quiet title to real estate. From judgment awarding plaintiff an undivided interest therein, both plaintiff and defendants appeal. *Affirmed.*

Frawley & Koelsch, for Appellants.

The facts do not establish a trust, either express or implied. (C. S., secs. 7974, 7975; annotation, 35 A. L. R. 281–283; *Sherman v. Sandell,* 106 Cal. 373, 39 Pac. 797; *Motherwell v. Taylor,* 2 Ida. (Hasb.) 254, 10 Pac. 304; *Bliss v. Bliss,* 20 Ida. 467, 119 Pac. 451.)

An implied trust requires no repudiation to set the statute of limitations into motion. (*Hecht* v. *Slaney,* 72 Cal. 363, 14 Pac. 88; *Benoist v. Benoist,* 178 Cal. 234, 172 Pac. 1109.)

The basis of a constructive trust is fraud, either actual or constructive, and the mere violation of a parol contract is not fraud. (*Brison v. Brison,* 75 Cal. 525, 7 Am. St. 189, 17 Pac. 689, 90 Cal. 323, 27 Pac. 186; *Cooney v. Glynn,* 157 Cal. 583, 108 Pac. 506; *Cassels v. Finn,* 122 Ga. 33, 106 Am. St. 91, 2 Ann. Cas. 554, 49 S. E. 749, 68 L. R. A. 80; 28 Am. & Eng. Ency. L. (2d) 883; *Feeney v. Howard,* 79 Cal. 525, 12 Am. St. 162, 21 Pac. 984, 4 L. R. A. 826; *Babcock v. Chase,* 111 Cal. 351, 43 Pac. 1105; *Sheehan v. Sullivan,* 126 Cal. 189, 58 Pac. 543.)

The facts found by the trial court do not constitute fraud, either actual or constructive, and hence do not constitute a constructive trust, but do constitute an express trust which is void under the statute. (*Brown v. Kausche,* 98 Wash. 470, 167 Pac. 1075; *Dolan v. Weir,* 134 Wash. 560, 236 Pac. 285; *Feeney v. Howard,* 79 Cal. 525, 12 Am. St. 162, 21 Pac. 984, 4 L. R. A. 826; *Smith v. Mason,* 122 Cal. 426, 55 Pac. 143.)

Acts by the trustee in violation of his trust constitute a repudiation of the trust and set the statute of limitations

into motion.   (*Cooney v. Glynn, supra; Sheehan v. Sullivan, supra.*)

J. P. Pope and J. P. Reed, for Respondent.

A constructive trust, arising by operation of law, may arise from the relationship of the parties as revealed by oral understanding to enforce their presumed intent or to rectify fraud or to prevent unjust enrichment.   (*Cooney v. Glynn,* 157 Cal. 583, 108 Pac. 506; *Taylor v. Bunnell,* 77 Cal. App. 525, 247 Pac. 240; *Brison v. Brison,* 90 Cal. 323, 27 Pac. 186; *Fox v. Fox,* 77 Neb. 601, 110 N. W. 304.)

Where the promisor and promisee occupy a confidential relation, such as husband and wife, the repudiation of an oral promise will give rise to a constructive trust, although there be no actual fraud.   (Bogart on Trusts, pp. 128–130; *Stahl v. Stahl,* 214 Ill. 131, 105 Am. St. 101, 73 N. E. 319, 68 L. R. A. 617; *Bradley Co. v. Bradley,* 165 Cal. 237, 131 Pac. 750.)

The statute of limitations does not commence to run against a trust arising by operation of law until it is repudiated by the trustee.   (*Cooney v. Glynn* (Cal.), *supra; Cohn v. Goodday,* 191 Cal. 615, 217 Pac. 757; *Lamb v. Lamb,* 171 Cal. 577, 153 Pac. 913.)

The statute of limitations does not begin to run as long as there is a continuing equitable trust recognized and acknowledged by the parties.   (17 R. C. L. 795; *Cooney v. Glynn, supra; Butler v. Hyland,* 89 Cal. 575, 26 Pac. 1108.)

BUDGE, J.—In this action, which was brought to quiet title to certain property in the city of Emmett, judgment went in favor of the plaintiff. From the judgment, both parties to the action have appealed.

The trial court made findings of fact substantially as follows:

That on or about October 30, 1904, defendant Albert Bird, being theretofore an unmarried man, intermarried with Clara Myers, mother of the plaintiff; that thereafter and in the years 1904–5, Clara Myers, then Clara Bird,

wife of the defendant Albert Bird, invested and advanced from the funds of her separate estate the sum of $2,150 in the construction of a dwelling-house upon the premises here in litigation and then standing upon the public records in the name of Albert Bird; that the funds so advanced and invested by Clara Bird in the dwelling-house were so invested and advanced pursuant to an understanding and agreement between herself and husband that the real estate thus improved by the dwelling-house, with the dwelling-house thus constructed thereon, should be the separate property and estate of Clara Bird during the period of her natural life, and that upon her death the remainder in fee in and to said property should become the property of the plaintiff; that the defendant Albert Bird then and there agreed, in consideration of said advancement and investment of Clara Bird out of her separate estate, to do all acts and things necessary to effectuate and carry out said understanding and agreement, it being also understood and agreed by and between defendant Albert Bird and Clara Bird and the plaintiff herein that the defendant Albert Bird might continue to occupy the premises as a home after the death of Clara Bird and look after the same and protect the interests and rights of the plaintiff in and to the property; that on or about May 19, 1913, Clara Bird died, leaving surviving her, her husband, the defendant Albert Bird, and her daughter, the plaintiff herein; that thereafter the defendant Albert Bird and the plaintiff herein continued to occupy the premises as their home, until the year 1915, when defendant Albert Bird intermarried with the defendant Effie Bird; that ever since said marriage the defendants have been and now are husband and wife; that the defendant Albert Bird, from and after the construction of the dwelling-house, recognized the rights and interest in the premises of Clara Bird, his former wife, until the latter's death, and the rights and interest therein of the plaintiff, pursuant to said understanding and agreement, continuously, and at all such times admitted his obligations to plaintiff to conserve the premises for her and to take the

proper steps necessary to vest the legal title in the plaintiff, until his repudiation of his obligations, as hereinafter set forth; that on or about February 15, 1921, defendant Albert Bird repudiated his trust and agreement as to said premises by executing a mortgage on the same, without plaintiff's knowledge or consent, and by entering into a written agreement with his present wife, purporting and attempting to convert the real property in question into the community property of himself and present wife; that these acts of repudiation on the part of the defendants, or either of them, were not communicated to plaintiff and did not come to her knowledge until about one year prior to the commencement of this action; that prior to the commencement of this action, the defendants ceased, and have ever since ceased, to occupy the said premises or any part thereof as a home or homestead; that the plaintiff is the owner of an undivided interest in and to the real estate to the extent and amount of $2,150 of the value thereof, and to that extent is entitled to the possession, rents, issues and profits thereof; that the residue of the interest and value of the real estate, if any, is the property of the defendants; and that the right and interest of the plaintiff therein to the extent of $2,150 of the value thereof is paramount to the rights of the defendants, or either of them.

As conclusions of law from the foregoing facts, the court found that the plaintiff was entitled to a decree quieting her title in and to the real estate to the extent of $2,150 of the value thereof, and of her right to the possession, rents, issues and profits of the same in proportion to her said interest; and that it be adjudged that all liens, mortgages and adverse claims against the premises by contracts or acts of the defendants, or either of them, at any time prior to the trial of the action, be so marshaled and paid that the burden thereof be first borne by that portion of the undivided interest in and to the real estate not quieted in plaintiff, before resort be had to the interest and rights of the plaintiff.

[1]   Defendants earnestly contend that the evidence does not support the findings.  The findings are based upon a conflict.  A careful perusal of the evidence, and an examination of authorities in the light of the record, satisfy us that the evidence is sufficient to support the findings, and that defendant Albert Bird held the property, to the extent of the value found, in trust for the plaintiff.  (*Cooney v. Glynn*, 157 Cal. 583, 108 Pac. 506; and cases cited *infra*.)

[2]   It is also insisted by defendants that, even conceding that the evidence establishes a trust in plaintiff's favor, her right of action is barred by the statute of limitations, by reason of the alleged acts of repudiation of the trust on the part of defendant Albert Bird, in that on or about February 15, 1921, he executed a mortgage on the premises, and purported and attempted by written agreement entered into between himself and present wife to convert the premises into community property; and that more than four years elapsed from the date of said alleged repudiation until the bringing of this action.  The court found, upon a conflict in the evidence, that these alleged acts of repudiation were not communicated to plaintiff and did not come to her knowledge until about one year prior to the commencement of this action.

[3]   The findings of the court support the conclusion that a voluntary, continuing obligation, resting in parol, arose in favor of the plaintiff by the understanding and agreement of the parties.  In cases where such an obligation arises, and has been recognized under an oral or parol agreement, the statute of limitations does not begin to operate until the trustee begins to act in hostility to the obligation imposed by the agreement, with knowledge of the repudiation unequivocally brought home to the *cestui que trust*.  (*Cooney v. Glynn, supra; Butler v. Hyland*, 89 Cal. 575, 26 Pac. 1108; *Arnold v. Loomis*, 170 Cal. 95, 148 Pac. 518; *Brison v. Brison*, 75 Cal. 525, 7 Am. St. 189, 17 Pac. 689; *Norton v. Bassett*, 154 Cal. 411, 129 Am. St. 162, 97 Pac. 894; *Taylor v. Morris*, 163 Cal. 717, 127 Pac. 66;

*Nasholds v. McDonell,* 6 Ida. 377, 55 Pac. 894.) As was said in *Odell v. Moss,* 130 Cal. 352, 358, 62 Pac. 555, 557:

"The case is not one of a merely constructive trust, but there was a trust 'voluntarily assumed, and which, by the understanding of the parties to it, was to be a continuing one. The trustee . . . . continued to hold according to the understanding, and never repudiated the relation,'—at least until after the judgment in the partition suit, within four years of the beginning of the action. (*Butler v. Hyland,* 89 Cal. 575, 581, 582, 26 Pac. 1108.) The trust was, indeed,—as was the case in *Butler v. Hyland,*—not evidenced by writing, and was, therefore, not enforceable as an express trust by legal proceedings; but it existed and was valid so long as it continued to be observed by the trustee, and established between her and the defendant the relation of trustee and *cestui que trust,* within the meaning of the rule that the statute does not run until the repudiation of the trust by the trustee. . . . . But, to render a repudiation effectual to set the statute in motion, the knowledge of it must be brought home to the *cestui que trust.* (2 Perry, Trusts, sec. 864.)"

[4] Upon a cross-appeal, plaintiff seeks to make the point that the court erred in awarding judgment in her favor to an undivided interest in and to the property to the extent and amount of $2,150 only, and that it should have entered a decree in her favor quieting her title to the whole of the property. With this contention we are not in accord. We accept the amount found by the trial court as the amount of money actually received by the defendant Albert Bird out of the separate estate of plaintiff's deceased mother, and we are of the opinion that the record bears out the conclusion that it was only to such extent and for such amount that the property was burdened with a trust. Clearly, defendant Albert Bird did not receive the $2,150 from plaintiff's mother as a gift, but under an agreement to hold the same in trust for the use and benefit of the plaintiff. Defendant Albert Bird having repudiated the trust, the right of plaintiff to have her interest in the premises quieted, to the extent and value of the amount of her

deceased mother's separate estate invested therein, arose, and the court did not err in its decree in awarding to plaintiff the relief therein provided for.

In disposing of the question raised under plaintiff's cross-appeal, we have also disposed of the point sought to be raised by defendants touching the uncertainty and ambiguity of the decree in this respect.

We have carefully considered other errors assigned, but none of them is of such a character as to require a reversal of the judgment. It follows, therefore, from what has been said, that the judgment must be affirmed, and it is so ordered.

Wm. E. Lee, C. J., and Givens and T. Bailey Lee, JJ., concur.

Taylor, J., dissents.

### (December 24, 1927.)

### ON PETITION FOR REHEARING.

BUDGE, J.—We have given further consideration to this case and have concluded to make the following observations:

With respect to the uncertainty and ambiguity of the decree, the judgment awarded respondent is one *in rem* and not *in personam*.

The cause must be remanded, however, with instructions to the trial court to find, upon proper evidence, the original value of the property and therefrom declare the proportion that respondent's interest bears to the whole, and enter judgment accordingly.

No costs allowed to either of the parties.

The petition for rehearing is denied.

Wm. E. Lee, C. J., and Givens and T. Bailey Lee, JJ., concur.

Taylor, J., dissents.