(No. 6229.   July 10, 1935.)

FRED W. BRASCH, Executor of the Will and of the Estate of JOHN BRASCH, Deceased, Appellant, v. THEODORE BRASCH and KATIE BRASCH, Respondents.

[47 Pac. (2d) 676.]

Wilbur L. Campbell, Perry W. Mitchell and Elbert A. Stellman, for Appellant.

Cox & Ware and G. C. Pennell, for Respondents.

MORGAN, J.—During a number of years prior to and on October 21, 1919, John Brasch resided with his son and daughter-in-law, Theodore Brasch and his wife, respondents herein. On that date Theodore loaned $6,000 to George W. Rowe, $2,000 of which was his money and $4,000 was the money of his father. The son transacted the business and took a promissory note, bearing interest at the rate of seven per cent per annum, wherein he was named as sole payee, to evidence the loan and a real estate mortgage, wherein he was named as sole mortgagee, to secure its payment. When the loan was due it was renewed and a new note and mortgage were taken, Theodore Brasch being named as sole payee and mortgagee. During all the time the money was loaned Theodore collected the interest and June 3, 1929, he collected the principal. He never accounted for, nor paid to his father, any part of the moneys so collected, but retained the same, and the whole thereof, as his own.

In January, 1928, trouble occurred between Theodore and his father which resulted in the latter leaving the home of the former and taking up his residence in the home of his son, Fred W. Brasch, appellant herein, where he continued to reside until his death.

The evidence fails to show demand was made on Theodore for any part of the money advanced by his father with which to make the loan, or for the interest collected thereon, until about June 10, 1929, (erroneously found by the trial judge to be June 4, 1929,) when the father demanded payment from his son of his part of the proceeds thereof. The evidence is conflicting as to the son's reply to the demand, but it amounted to a refusal to pay.

August 20, 1932, John Brasch died testate. His will contains the following:

"Fifth: I hereby give, devise and bequeath to my son Theodore Brasch, the sum of One Dollar; he now having and has had for some time the sum of Seven Thousand

Dollars of my money, and the use and benefit of said sum of $7000.00 which I consider equivalent to his share of my said estate, but the said sum of Seven Thousand Dollars now in possession of said Theodore Brasch to be paid to the hereinafter named executor of this Will as soon as he shall qualify, and the said sum of $7000.00 is a part of my estate which I am herein and hereby bequeathing to my heirs.

"Sixth: I hereby give, devise and bequeath to my son, Fred Brasch, of Nezperce, Idaho, all the rest and residue of my estate of which I may die possessed, both real and personal, for the reason that I have made my home with my said son Fred Brasch and he and his wife have cared for me and assisted me for many years and furnished me a home."

Appellant was named executor of the will; qualified as such, made demand for the money which he contends is due to the estate from Theodore, and payment was refused. This action, for an accounting and to recover the money alleged to be due from respondents to the estate of John Brasch, deceased, was commenced June 9, 1933.

It is alleged in the complaint:

"That the loan of $6000.00 was made to the said George W. Rowe on Oct. 21, 1919 and $2000.00 of said amount was the personal money of Theodore Brasch, and $4000.00 of said amount was the money so obtained by said defendant, Theodore Brasch, from his father, John Brasch, but that the said defendant, Theodore Brasch, wrongfully and fraudulently, and with intent to procure and to appropriate the money of his father to his own use and possession, took the note representing said loan of $6000.00 in his own name as well as the mortgage representing the same, . . . .

"That the mortgage aforesaid bore interest at 7 per cent per annum, and that all interest payments during the life of said mortgage were collected by and appropriated and converted to the use and possession of the said defendant, Theodore Brasch, including the interest on the $4000.00 portion of said loan belonging to John Brasch, in pursuance

of the wrongful, unlawful and fraudulent intent of the said Theodore Brasch to convert and appropriate the principal and interest and the whole thereof to his own use and possession and to deprive him the said John Brasch, and his heirs of the whole thereof. . . . .

"That said mortgage aforesaid became due in 1924, and the said Theodore Brasch, in pursuance of his wrongful and fraudulent intent to convert the $4000.00 part thereof with the interest earned thereon to his own use, possession and ownership and wholly against the protest of his father, John Brasch, and without first securing his consent thereto, executed or procured to be executed by the said George W. Rowe, a purported renewal mortgage dated Oct. 21, 1924, for $6000.00 taking the note and mortgage, in his own name as purported payee and mortgagee . . . .

"That said last mentioned mortgage bore interest at 7 per cent per annum and that all interest payments during the life of said mortgage were collected by and appropriated and converted to the use and possession of the defendant Theodore Brasch, including the interest of the $4000.00 portion of said loan belonging to John Brasch, in pursuance of the wrongful, unlawful and fraudulent intent of the said Theodore Brasch to convert and appropriate the principal and interest and the whole thereof to his own use and possession and to deprive him the said John Brasch, and his heirs of the whole thereof. . . . .

"That the said defendant holds the said original sum of $4000, together with all sums collected as interest on the same, so wrongfully, fraudulently and unlawfully loaned in the name of the said defendant, Theodore Brasch, together with the sums so loaned to the several persons mentioned as aforesaid, together with any other loans made to any others, out of the proceeds of the original amount together with interest earned and collected thereon so wrongfully, fraudulently and unlawfully obtained from John Brasch, together with all money held in his possession, and being a part of the original principal sum of $4000, together with the interest collected and earned on the same, belong-

ing to him the said John Brasch, in his lifetime and now the property of the estate and heirs of John Brasch, deceased, in trust for the use and benefit of Fred W. Brasch, executor of the will and estate of John Brasch, deceased, and which said sums and amounts so belonging to the estate of John Brasch, deceased, and so being in the wrongful, fraudulent and unlawful possession of him the said Theodore Brasch, and his wife, Katie Brasch, approximating in all about the sum of Ten Thousand Dollars."

In the answer the foregoing allegations are denied, and it is alleged that on or about October 21, 1919, Theodore Brasch and John Brasch made a loan to George W. Rowe of $6,000, $2,000 of which was advanced by Theodore and $4,000 by his father; that the mortgage was made in the name of the son with the knowledge and consent of the father; that thereafter, in the month of July, 1920, the father, in consideration of love and affection and of obligations then due to the son, gave all his interest in the mortgage to Theodore, who accepted it in full satisfaction and discharge of all obligations due him from his father; that he became the absolute owner of the note and mortgage and the indebtedness represented thereby and the absolute owner of the proceeds thereof. As a further and separate defense respondents pleaded the bar of certain sections of the statute of limitations, including I. C. A., sec. 5–201 and sec. 5–218, subsec. 4, as follows:

5–201. "Civil actions can only be commenced within the periods prescribed in this chapter after the cause of action shall have accrued, except when, in special cases, a different limitation is prescribed by statute."

5–218. "Within three years: . . . .

"4. An action for relief on the ground of fraud or mistake. The cause of action in such case not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake."

Appellant contends sec. 5–224 applies to the facts of this case. It is:

"An action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued."

He further contends a trust was created by the act of Theodore Brasch, in taking the note and mortgage in his name alone, which was not repudiated until his refusal to account for the father's interest in the proceeds of the loan, on or about June 10, 1929, and that four years from that date had not elapsed on August 20, 1932, when the father died. He seeks to invoke I. C. A., sec. 5–231, which provides:

"If a person entitled to bring an action die before the expiration of the term limited for the commencement thereof, and the cause of action survive, an action may be commenced by his representatives, after the expiration of that time, and within one year from his death. . . . . "

The action having been commenced June 9, 1933, was within the four year period of limitation, relied on by appellant, as extended by sec. 5–231.

The trial judge found the interest of John Brasch in the loan to Rowe was not a gift to Theodore and that the note and mortgage executed to evidence and secure the payment thereof were taken in his name wrongfully and fraudulently and with intent to appropriate $4,000 of his father's money to his own use. The judge further found:

"That no demand was made upon Theodore Brasch by John Brasch for the repayment of any money between October 21, 1919, and June 4, 1929; that no demand was made thereafter between June 4, 1929, and April 22, 1933, and that the complaint herein was filed on June 9, 1933, and that plaintiff's demand is barred by the statute of limitations."

Judgment, from which this appeal is prosecuted, was entered dismissing the action.

■■ The rule, contended for by appellant, which would continue the trust in operation until repudiated by the trustee, applies to continuing, express or voluntary trusts. (*Davenport v. Bird*, 45 Ida. 280, 261 Pac. 769; Pomeroy's

Eq. Jur., 4th ed., vol. 4, sec. 1449.) In order to start the running of the period of limitation such a trust must be terminated, and the period is four years, dating from notice to the *cestui que trust,* of its termination.

The trust here under consideration is not a voluntary one, but, as alleged in the complaint and found by the trial judge, had its inception in fraud. It is a constructive trust. (*Davenport v. Burke,* 30 Ida. 599, 167 Pac. 481; Pomeroy's Eq. Jur., 4th ed., vol. 3, sec. 1044.) It is said in 65 C. J. 534, sec. 280:

"As between the trustee and beneficiary of a constructive trust, the statute of limitations begins to run against the enforcement thereof from the date of its inception, unless there has been a fraudulent concealment of the cause of action. No disclaimer or disavowal of the trust by the trustee is necessary."

In *Warren v. Adams,* 19 Colo. 516, 36 Pac. 604, the Supreme Court of Colorado said:

"While the statute of limitations does run against a resulting trust, or, more properly speaking, a constructive trust which is initiated by and is originated through the wrongful conduct of the trustee, from the date of its inception, it does not apply to that class of resulting trusts that are created with the consent of the trustee and *cestui que trust.* In the latter class no right of action accrues until the trust is repudiated, or in some manner disavowed, by the trustee, and the knowledge of such repudiation or disavowal brought home to the knowledge of the *cestui que trust.*"

See, also, *Broder v. Conklin,* 121 Cal. 282, 53 Pac. 699.

While repudiation of a constructive trust arising from fraud is not necessary to start the period of limitation running, due to the fact that the cause of action accrued when the fraud was committed, the refusal of Theodore Brasch to account to his father for the money belonging to him is important because of the provision of sec. 5–218, subsec. 4, heretofore quoted. This being an action for relief on the ground of fraud, the cause of action is not deemed

to have accrued until the discovery of the fraud. (*Davis v. Consolidated Wagon etc. Co.*, 43 Ida. 730, 254 Pac. 523.)

We are not unmindful that a fiduciary relation existed between John Brasch and his son, Theodore, when the latter loaned the money of the former and took a mortgage in his name alone to secure its repayment. In view of this relation it would properly be held that the failure to account and pay to the father the interest due to him as it was collected from the borrower, would not be sufficient to charge him with notice of the perfidy of his son. However, actual knowledge that the son had perpetrated a fraud upon him, when the loan was made, was brought home to the father in June, 1929, when he demanded his money and it was refused. That started the running of the three-year period of limitation created by sec. 5–218, and it had run in June, 1932, and the cause of action was thereby barred before the father's death, which renders sec. 5–231 inapplicable.

The judgment is affirmed. Costs are awarded to respondents.

Givens, C. J., and Budge and Holden, JJ., concur.

Ailshie, J., having been of counsel in the trial court, did not sit at the hearing and took no part in the decision.