## KELLY v. BROWN.

### No. 9908; September 26, 1885.

#### 8 Pac. 38.

**Appeal—Findings—Effect Where Evidence Doubtful.**—Where, on appeal, there is no conflict in the evidence, but rather a question as to the correctness of the findings on the testimony introduced at the trial, and the testimony will allow of a reasonable difference of opinion as to the facts to be deduced therefrom, the judgment of the lower court will not be disturbed.[1]

APPEAL from Superior Court, Modoc County.

T. F. Ewing and C. L. Claflin for respondent; E. V. Spencer for appellant.

SEARLS, C.—This is an action for the recovery of personal property, and was tried by the court without a jury.

---

[1] Cited with approval in Bettens v. Hoover, 12 Cal. App. 318, 107 Pac. 331, in a case of unlawful detainer, where the court said: "Where fair and impartial minds may draw different conclusions from the evidence, though there be no conflict in the testimony, it is a case for the jury or trial court to decide."

Defendant had judgment, and plaintiff prosecutes this appeal. Defendant introduced no testimony in the court below. The question presented is not one where there is a conflict of testimony, for there was no conflict, but rather a question of the correctness of the findings on the testimony introduced. The testimony of plaintiff, who was the principal witness in his own behalf, is not as full and clear on the several points to which he spoke as could be desired. Upon all the testimony presented, we should feel inclined, were the case submitted to us as an original proposition, to find that the transactions in evidence constituted a sale in praesenti, and not a contract for a sale, but some deference should be paid to the action of the court who heard the testimony, whose opportunity to arrive at a correct conclusion as to the facts was somewhat superior to our own. In this view, and regarding the case as one in which a difference of opinion may reasonably exist as to the facts to be deduced from the evidence, we are of opinion the judgment and order denying the motion for a new trial should be affirmed.

We concur: Foote, C.; Belcher, C. C.

By the COURT.—For the reasons given in the foregoing opinion the judgment and order are affirmed.