[L. A. No. 566.   Department Two.—September 11, 1899.]

J. D. McLENNAN et ux., Respondents, v. W. W. WILCOX, Appellant.

ACTION TO QUIET TITLE—PLEA OF STATUTE OF LIMITATIONS—FINDING.—In an action to quiet title in which the statute of limitations is pleaded, a finding that the averments of the answer are not true, with certain exceptions, not including the plea of the statute, is a sufficient finding against such plea.

ID.—FINDING AS TO TITLE—MOTION FOR NEW TRIAL—INSUFFICIENT SPECIFICATIONS.—A finding that the plaintiff is the owner and entitled to the possession of the real estate described in the complaint, is not sufficiently assailed by a specification in the notice of intention to move for a new trial upon the minutes of the court, "that the evidence is insufficient to justify said decision that plaintiff is the owner," et cetera, without specifying any particulars in which it is alleged to be insufficient; and the evidence to support such finding cannot be examined upon appeal.

ID.—INSUFFICIENT STATEMENT—QUITCLAIM DEED TO DEFENDANT.— Where the statement makes no attempt to show all the testimony upon any point involved, the mere insertion therein of the fact that a quitclaim deed had been made to the defendant from a third person, and that the defendant had not transferred the interest acquired by said conveyance, is not sufficient to overcome the finding that plaintiff is the owner and entitled to the possession of the property.

ID.—INTENDMENTS UPON APPEAL.—Upon appeal all intendments of the law are in favor of the regularity of the judgment and findings of the court below, and it is incumbent upon the appellant to show error affirmatively.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order denying a new trial.

The facts are stated in the opinion.

Charles R. Gray, and Thomas D. Hamilton, for Appellant.

Leonard & Morris, for Respondents.

COOPER, C.—Action to quiet title to real estate described in complaint. Judgment for plaintiff. This appeal is by defendant from the judgment and order denying motion for a new trial. The answer, after a denial of the allegations of the complaint, alleges affirmatively that defendant is the owner of the premises by reason of a sale thereof for delinquent taxes to one Pettijohn and a deed by the tax collector in pursuance of said sale, the defendant having purchased from said Pettijohn. The answer also sets up the statute of limitations as a defense. It is claimed that the court failed to find upon defendant's plea of the statute of limitations. The court found that each of the averments of the answer are not true except certain matters stated in the findings. The findings do not in any other manner refer to the plea of the statute, and such plea is not among the excepted matters referred to in the findings. . The finding is, therefore, to the effect that the plea of the statute of limitations is not true and is sufficient. (*Gale v. Bradbury*, 116 Cal. 40.) The motion for a new trial was made upon the minutes of the court, and the statement of the case was settled after the order denying the motion. It appears from the statement that the only ground argued and presented for decision on the motion was, "that the court found that the certificates of tax sales described in the answer were valid, and therefore, defendant has an interest in the property." The court found that the plaintiff, Mrs. J. D. McLennan, is the owner of and entitled to the possession of the real estate described in the complaint. The finding is not attacked in such manner as to enable this court to review it. The notice of intention shows the only specification to be "that the evidence is insufficient to justify said decision that plaintiff is the owner of each of said lots or either of them, and that plaintiff is entitled to the possession of said property or any part thereof." The notice of motion must specify the particulars in which the evidence is alleged to be insufficient. (Code Civ. Proc., sec. 659, subd. 4.) Here we are simply told that the evidence is in-

sufficient to justify the decision, but the particulars in which it is insufficient are not pointed out. Therefore we cannot examine the evidence. *(De Molera v. Martin,* 120 Cal. 544; *Kyle v. Craig,* 125 Cal. 107.) Conceding the sufficiency of the specifications, the statement shows that on January 7, 1893, Pettijohn executed to defendant a quitclaim deed in which the premises were described, and that no evidence was offered to show that defendant has ever transferred the interest acquired by said conveyance. This is all the statement contains, and no attempt is made to show all the testimony upon any point involved.

All intendments of the law are in favor of the regularity of the judgment and findings of the court below, and it is incumbent upon appellant to show error affirmatively. *(People v. Gibson,* 106 Cal. 472.)

Applying this principle to the case at bar, and we cannot say the mere fact that Pettijohn made a deed to defendant in January, 1893, and that defendant has not since conveyed the premises, is sufficient to overthrow the direct and positive finding that plaintiff is the owner and entitled to the possession of the property. This disposes of all the points discussed in appellant's brief.

We advise that the judgment and order be affirmed.

Britt, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Henshaw, J., Temple, J., McFarland, J.