[Civ. No. 864. First Appellate District—March 31, 1911.]

## CHARLES BEDOLLA, Respondent, v. MATT WILLIAMS, Appellant.

PARTNERSHIP—JOINT VENTURE—CONTRACT AS TO DAIRY BUSINESS—PLEADING—CAUSE OF ACTION.—In an action for an accounting of an alleged partnership in the dairy business, where the terms of the agreement between the parties is fully set forth, it is held unnecessary to decide whether or not such agreement provided for a partnership, or for a joint venture, such as would entitle either of them to an accounting from the other, since the allegations of the complaint sufficiently show that the plaintiff is entitled to some remedy, legal or equitable, and that a general demurrer thereto was properly overruled.

ID.—EFFECT OF ANSWER UPON RELIEF.—In such a case, where, as here, an answer has been filed, the court may grant the plaintiff any relief consistent with the case made by him, and embraced within the issues.

ID.—MISTAKE IN FORM OF REMEDY—PRAYER FOR JUDGMENT.—An action does not fail because the plaintiff has made a mistake as to the form of his remedy. If he shows himself entitled to any relief, either legal or equitable, his complaint is not to be dismissed because he has prayed for a judgment to which he is not entitled.

ID.—SPECIAL DEMURRER TO COMPLAINT—RULING WITHOUT PREJUDICE—TRIAL OF ISSUES.—It is held that though the statement of plaintiff's cause of action is not as clear and satisfactory as it might be, yet the overruling of a special demurrer thereto for uncertainty and ambiguity, and requiring the defendant to go to trial on the complaint as filed, is not prejudicial error justifying a reversal of the judgment after a trial of the issues, and findings and judgment rendered thereupon.

ID.—WAIVER OF FINDING OF CONVERSION AND DEMAND FOR POSSESSION—
ADMISSION IN ANSWER.—Where the defendant in his answer admits
that after notice to terminate the agreement, he took possession of
all the property of the dairy business, and alleged that he made a
cash settlement with the plaintiff, there was thereby a waiver of a
finding of conversion and demand for possession alleged in the com-
plaint.

ID.—FINDING OF PARTNERSHIP NOT REQUIRED—SUFFICIENCY OF FINDINGS.
It was not necessary for the court to find specifically that plaintiff
and defendant were partners. It was sufficient to find that the
parties entered into a business venture, the products and profits of
which were to be divided between them in certain proportions, that
the defendant took possession of the property jointly owned by the
parties, and that the allegation in the answer that he had settled
with the plaintiff was untrue, and to find the value of plaintiff's
interest in such property.

ID.—IMPROPER FINDING AND AWARD—VALUE OF PLAINTIFF'S LABOR IN
REGARD TO HAY.—Where by the terms of the contract defendant was
to furnish "all of the horses and farming implements, lands, build-
ings, cows, dairy and dairying fixtures, and one-half of the hogs, and
plaintiff was to keep the property in good condition, and to do all
the labor necessary to carry on the business," for a certain share of
the profits, a finding as to the value of plaintiff's labor in the cut-
ting and stacking of hay in the sum of $90, and the award of the
sum to the plaintiff is not warranted by the contract and is against
the evidence, and cannot support a judgment for that sum.

ID.—TIME FOR FILING COST BILL IN CASE AT LAW.—Viewing the case as
an action at law, a cost bill should be filed within five days after
the verdict, unless it appears that the entry of judgment thereon
was stayed, or the case was reserved for argument upon briefs, in
which case, if filed prior to the entry of the judgment, it would be
in time. It is held that it appears from the record that the case
was reserved for argument by briefs.

ID.—PRESUMPTIONS AGAINST ERROR—BURDEN UPON APPELLANT.—If the
record were silent as to the cause of the delay in the entry of the
judgment, it must be presumed, in the absence of an affirmative
showing to the contrary, that the court had followed the plain terms
of the code. All intendments are in favor of the regularity of the
action of the court, and it is incumbent on the appellant to show
error affirmatively.

ID.—COST BILL AND JUDGMENT FILED ON SAME DAY—PRESUMPTION OF
PRIORITY.—Where the cost bill and the judgment were filed on the
same day, it must be presumed that the filing of the cost bill pre-
ceded the entry of the judgment.

ID.—TIME FOR FILING COST BILL IN EQUITY—FIVE DAYS AFTER DECI-
SION OF COURT.—If the case be viewed as one in equity, a cost bill

filed within five days after the decision of the court was unquestionably in time.

ID.—MOTION TO STRIKE OUT COST BILL PROPERLY DENIED.—It is held that the motion of the defendant to strike out plaintiff's cost bill was properly denied, whether the case be deemed one at law, or in equity.

APPEAL from a judgment of the Superior Court of Monterey County, and from an order denying a motion to strike out plaintiff's cost bill. B. V. Sargent, Judge.

The facts are stated in the opinion of the court.

Wallace M. Pence, for Appellant.

Sargent & Bardin, and P. E. Zabala, for Respondent.

KERRIGAN, J.—In this case there are two appeals—one from the judgment against the defendant, taken upon the judgment-roll; and the other from the order denying defendant's motion to strike out plaintiff's cost bill, brought to this court upon a bill of exceptions.

As both appeals are included in one transcript, and are argued in one set of briefs, we will dispose of both matters in one opinion.

First, as to the appeal from the judgment.

The complaint alleges that the parties hereto on May 1, 1907, entered into a partnership agreement for the purpose of engaging in the dairying business; that the defendant was to furnish "all the horses and farming implements, lands, buildings, cows, dairy and dairying fixtures, and one-half the hogs, necessary to properly conduct said business," and the plaintiff was to keep the property in good condition and to do all the labor necessary to carry on said business; that the parties were to share equally in the products and profits thereof, except that it was agreed that all calves, the offspring of cows furnished the partnership by the defendant, born during the existence of the partnership, were to be deemed the joint property of the parties in the proportion of one-quarter to said plaintiff and three-quarters to said defendant. They were to raise hogs in connection with and as a part of the dairying business, "each party to furnish one-half of said hogs; the hogs and the increase thereof, and all profits realized thereby" were to be shared equally. The complaint fur-

ther alleges that "the duration of said partnership was not designated by said agreement, both parties thereto reserving the right to terminate said partnership upon notice to the other party." That on the eleventh day of November, 1907, six months after the commencement of the business, the defendant by notice terminated and dissolved said partnership, and took sole and exclusive possession of all of the property of said partnership, and withdrew the property theretofore supplied by him for the purpose of conducting said business. That the property of said partnership consists of about sixty-three calves, about one hundred and five hogs, and about fifty suckling pigs. That the defendant refuses to account to plaintiff for the partnership property, and has converted the same to his own use, and after demand has refused to account to plaintiff for, or pay or transfer to him, his share of the assets of the business. That the plaintiff, in pursuance of the contract, performed labor, in cutting, curing and stacking hay grown on the premises used for the conduct of the business, the advantage of which labor has been lost to plaintiff by reason of the termination of said partnership.

The complaint then alleges that the value of plaintiff's share of said assets is the sum of $2,085, and prays for an accounting and a division of the net assets, and that he have judgment for said sum of $2,085.

The defendant demurred to the complaint both generally and specifically on the grounds of uncertainty and ambiguity. The demurrer was overruled, and such ruling is now assigned as error.

Appellant's position on this point is that the action is one for an accounting, and that the allegations of the complaint fail to establish a partnership, or any other relationship from which the right to an accounting would arise, and that therefore the complaint fails to state a cause of action.

We think it unnecessary in this case to decide whether or not the agreement between the parties constituted them co-partners, or provided for such a joint venture as would entitle either of them to an accounting from the other, because the allegations of the complaint show that the plaintiff is entitled to some remedy, either legal or equitable. In such a case, where, as here, an answer has been filed, the court may grant plaintiff any relief consistent with the case made out

by him and embraced within the issues (Code Civ. Proc., sec. 580). In the case of *Walsh* v. *McKeen*, 75 Cal. 522, [17 Pac. 674], the rule is stated as follows: "An action does not now, as formerly, fail because the plaintiff has made a mistake as to the form of his remedy. If the case which he states entitles him to any relief, either legal or equitable, his complaint is not to be dismissed because he has prayed for a judgment to which he is not entitled. 'Legal and equitable relief are administered in the same forum, and according to the same general plan. A party cannot be sent out of court merely because his facts do not entitle him to relief *at law*, or merely because he is not entitled to relief *in equity*, as the case may be. He can be sent out of court only when, upon his facts, he is entitled to *no relief*, either at law or in equity.' "

We have no doubt the complaint was good as against the general demurrer. As to the special grounds urged, viz., uncertainty and ambiguity, the statement of plaintiff's cause of action is not as clear and satisfactory as it might be; but it does not appear that defendant's rights have been prejudiced by the court's action in overruling his demurrer based upon those grounds, and we would not be justified in reversing the case because the defendant was required to go to trial on the complaint as filed (Code Civ. Proc., sec. 475). The court committed no prejudicial error in overruling the demurrer.

Defendant filed his answer, denying that he entered into a partnership with plaintiff, and alleged in that behalf that he entered into an agreement with plaintiff for the conduct of the said dairy business under the terms of which the plaintiff was to perform all the labor in conducting said business, and that he was to receive as full compensation therefor a certain proportion of the products of said business. The answer further alleged that the plaintiff had defaulted in several respects in the performance on his part of said agreement; that he had agreed with defendant to terminate their said agreement, and that a settlement had been had between them. The answer admitted that the defendant had taken and retained possession of the property belonging to said dairy business.

The cause was tried with a jury. A general verdict being waived, the jury found, in answer to special issues submitted

by the parties, that the plaintiff duly performed his part of the agreement; that the value of plaintiff's interest in the partnership property was $473.31, and that the value of the labor performed by plaintiff in cutting and stacking hay was $90.

After the return of this special verdict the defendant introduced further evidence, and the cause was submitted to the court for decision. Subsequently the court filed findings of fact and conclusions of law. It found generally in accordance with the allegations of the complaint, and against those of the answer, and adopted the special findings of the jury, and rendered judgment in favor of plaintiff for the sum of $555.31, being the aggregate of the two sums above mentioned, less $8, about which deduction no question is raised.

This judgment is attacked by the defendant as not supported by the findings, or by the verdict. Appellant's argument is that there is no finding of a partnership, nor of a conversion by defendant, nor of a demand by plaintiff for possession. Leaving out of consideration for the moment the item of $90 included in the judgment as the value of plaintiff's labor in cutting and stacking hay, the defendant in his answer expressly admits that upon the termination of the agreement he took possession of all the property of the dairy business, and alleges that he made a cash settlement with the plaintiff of all his demands arising out of the said agreement. In view of this allegation the question of a demand was an immaterial issue, since the position taken by defendant was that he had settled with plaintiff and paid him everything due. Nor was it necessary for the court to find specifically that the plaintiff and defendant were partners. It found that the parties entered into a business venture, the products and profits of which were to be divided between them in certain proportions; that the defendant took possession of the property jointly owned by the parties, and that the allegation in his answer that he had settled with the plaintiff was untrue, and found the value of plaintiff's interest in such property.

We think the only respect in which the judgment is not supported by the findings is as to the item of $90, the value of plaintiff's labor in cutting and stacking hay. The court found as a fact that under the agreement between the parties

it was plaintiff's duty to perform all the labor required in the business, and that his compensation for such labor was a certain proportion of the products and profits. Plaintiff therefore was not entitled to an extra allowance for the labor in question. The court seems to have taken the view that, because the hay upon which this labor was expended had not been consumed at the termination of the agreement, it was only equitable to allow this sum to plaintiff as the value of such labor. But almost necessarily in the conduct of such an undertaking as was here entered upon there would be on hand at its termination property produced by the labor of one or other of the parties; and in the absence of any fraudulent or oppressive conduct on the part of one of the parties in terminating the contract, there seems to be no reason why the labor performed in producing this property should not be deemed compensated by the share in the products and profits allotted to the party performing it.

We conclude that the judgment is not supported by the findings to the extent of this item of $90.

2. As to the appeal from the order denying defendant's motion to strike out plaintiff's cost bill.

In considering this point it will be necessary to refer to the dates of the various proceedings in the trial court.

The special verdict of the jury hereinbefore referred to was given and filed January 21, 1909. On May 3d following the court directed the clerk to enter judgment in accordance with the special verdict, which was done, but subsequently, on June 7th, this judgment was, on motion of the plaintiff, set aside as having been inadvertently entered. Before this was done, however, to wit, on May 8th, the plaintiff filed a first cost bill. Defendant made a motion to strike this cost bill out, on the ground that it had not been filed within five days after the verdict. This motion was denied, and no appeal is taken from such order. On August 5th, the court filed its findings of fact and conclusions of law, and ordered judgment for the plaintiff, as we have seen, which was entered on August 7th—the appeal from which judgment we have already considered. On said last-mentioned date plaintiff served and filed a second cost bill, identical as to items and amount with the first. Thereafter defendant moved to strike out this cost bill, on the same ground that he had moved to

strike out the first, viz., that it was not filed within five days after the special verdict of the jury. The court denied this motion, and it is from such order that the defendant has appealed.

Section 1033 of the Code of Civil Procedure provides that a party in whose favor a judgment is rendered and who claims his costs must deliver to the clerk and serve on the adverse party, within five days after the verdict or notice of the decision, or, if the entry of the judgment on the verdict or decision be stayed, then before such entry is made, a memorandum of costs, and that by decision is meant the signing and filing of the findings of fact and conclusions of law.

It is appellant's contention that the action was an action at law, and that the cost bill should have been filed within five days after the verdict of the jury. Considering, for the purpose of the argument, that the action is one at law, then the cost bill should have been filed within the time stated by appellant, unless it appears that the entry of the judgment was stayed, or unless the court ordered the case reserved for argument or further consideration, in which case, if filed prior to the entry of the judgment it would be in time. (Code Civ. Proc., secs. 628, 664.) But it appears from the record, satisfactorily we think, that the case was in fact reserved for argument by briefs. Even if that were not true, and the record were silent as to the cause of the delay in the entry of the judgment, we would have to assume, in the absence of an affirmative showing to the contrary, that the court had followed the plain terms of the code. All intendments are in favor of the regularity of the action of the court; and it is incumbent on the appellant to show error affirmatively. (*McLennan* v. *Wilcox,* 126 Cal. 51, [58 Pac. 305]; *People* v. *Holmes,* 118 Cal. 444, [50 Pac. 675].) And we would also assume, for the purpose of sustaining the order of the court, that while, as seen from the above-mentioned dates, the cost bill was filed on the same day that the judgment appealed from was entered, yet that in point of actual time the filing of the cost bill preceded the said entry. On the other hand, if this be considered as a case in equity, the cost bill having been filed within five days after the decision, it was unquestionably in time.

The court did not err in denying said motion.

The judgment is modified by striking out therefrom the sum of $90, and as thus modified it shall stand affirmed; the order denying ·defendant's motion to strike ·out plaintiff's cost bill is affirmed, appellant to recover costs of this appeal.

Hall, J., and Lennon, P. J., concurred.