[Civ. No. 5461. Second Appellate District, Division One.—March 7, 1929.]

R. B. PRICE et al., Respondents, v. HOLLYWOOD AUTO TRANSFER & STORAGE COMPANY (a Corporation), Appellant.

Howard B. Henshey for Appellant.

Ray Howard for Respondents.

HOUSER, Acting P. J.—Plaintiffs were the owners of certain furniture and furnishings which included an Italian statue which they wished to store for a time with the defendant and thereafter transport to a ranch located approximately one hundred miles from the place where plaintiffs were then residing. Both at the time the property was transported from the residence of the plaintiffs to the warehouse of the defendant, as well as after the property had been delivered at the warehouse, the plaintiffs directed the attention of the employees of the defendant who were in charge of that particular business to the statue and urged that more than ordinary care be taken in packing it for shipment to the plaintiffs' ranch, and were uniformly assured by such employees in effect that they understood their business and that the statue would be properly packed for such transportation. After the packing had been done by the defendant and the statue had been transported to the ranch, it was discovered that it had been broken and thereby greatly damaged. The trial court found that the damage was caused by the negligence of the defendant in improperly and carelessly packing the statue, and rendered judgment in favor of the plaintiffs, from which this appeal is taken.

■ It is first contended by the appellant that some of the findings are contradictory of other findings, and therefore that the judgment is left unsupported. On examination of the findings to which attention has been directed, it appears that, although by one statement therein contained certain general facts are found to be true, that finding is guarded by the statement. "except as otherwise herein expressly found"—thus relieving the findings as a whole from the criticism thereon advanced by appellant.

■ Further error is specified by the appellant in that, as alleged by it, by contract of the parties the liability of the defendant was limited, and consequently that the amount of the judgment was unauthorized. In that connection it is noted that the trial court expressly found that the contract relating to a limited liability of the defendant applied to *storage* of the goods only and "did not contemplate the relieving of the liability of defendant or the limiting of its liability on account of any failure properly to pack, repack, or deliver said statue, but the court finds that said statue was repacked and delivered by defendant upon an express

oral contract, and on a written order of plaintiffs requiring that said statue be well packed to prevent breaking its foot; and the court further finds that no contract whatever was entered into by the said plaintiffs whereby the responsibility of defendant for any piece or package, or its contents, was limited to the sum of twenty-five dollars, but finds that the fact that said statue was of a value in excess of twenty-five dollars was duly made known to defendant, and that plaintiffs offered to pay a reasonable additional charge for such higher valuation, but that defendants exacted no such additional charge and thereby waived the same." It is therefore manifest that by the express finding by the trial court appellant's point is not well taken.

Appellant also urges that the evidence was insufficient to support the several findings made by the trial court. It would be but a waste of time and energy to herein set forth the findings to which objection is made, together with the evidence relating thereto. Suffice it to say that on consideration thereof this court is of the opinion that the point advanced by appellant cannot be sustained. .

The judgment is affirmed.

York, J., and Crail, J., *pro tem.*, concurred.