[Civ. No. 10875. First Appellate District, Division Two.—January 10, 1939.]

J. H. MURRAY, Respondent, v. KEITH D. BABB et al., Appellants.

Francis N. Foley for Appellants.

Charles V. Barfield and F. E. Hoffmann for Respondent.

STURTEVANT, J.—On the 7th day of February, 1937, the plaintiff was driving his Plymouth automobile northerly on the El Camino Real in front of Mills Memorial Hospital in San Mateo County. At the same time Keith D. Babb was driving his Chevrolet automobile southerly. Approximately in front of the hospital the two automobiles collided. Thereafter, J. H. Murray commenced an action to recover damages and named Keith D. Babb and Hazel Babb, his wife, as defendants. They appeared and answered the plaintiff's complaint and also filed a cross-complaint asking for damages.

The plaintiff answered the cross-complaint and a trial was had before the trial court sitting with a jury. In his complaint the plaintiff charged that the defendants were negligent in the operation of their automobile. In their answer the defendants denied said allegations and alleged affirmatively that the plaintiff was guilty of contributory negligence. In their cross-complaint the defendants alleged that the plaintiff so negligently operated his automobile as to cause the accident, that the defendants suffered serious injuries, and they prayed for judgment against the plaintiff in the sum of $25,550. On the trial all of said issues were presented to the jury. Furthermore, a specific instruction on each of said allegations was given by the trial court. The jury returned a verdict, "We, the jury in the above entitled cause, find for the defendants eleven to one." Both parties concede that the expression "eleven to one" means eleven jurors voted for the verdict and one juror voted against it. That concession is so clearly supported by the record no further attention will be given to the expression. The verdict therefore was in effect as follows: "We, the jury in the above entitled cause, find for the defendants." From the judgment in their favor the defendants have appealed. Additional facts will hereinafter be stated as the necessity requires.

(1) The defendants contend the jury failed to find on the issues presented by their cross-complaint. That contention we think rests on a misconception of the force and effect of the verdict as rendered. In form it was a general verdict and as such it was one which the jury in its discretion was entitled to render. (Code Civ. Proc., sec. 625.) As to the effect of a general verdict in the instant case, the law is equally clear. In 64 C. J. 1106 the author says: "As a general rule, if it is not inconsistent with special findings, a general verdict includes a finding of every material, necessary, and issuable fact submitted to the jury in favor of the prevailing party . . . " In *Plyler* v. *Pacific etc. Cement Co.*, 152 Cal. 125, at page 130 [92 Pac. 56], the court said: "It is of course true, but no truer today than it always has been, that a general verdict implies a finding in favor of the prevailing party of every fact essential to the support of his action or defense, . . . " In *Hunt* v. *Elliott*, 77 Cal. 588 [20 Pac. 132], the defendant had pleaded a cross-complaint which the plaintiff answered and all of the issues were sub-

mitted to a jury. It returned a general verdict in favor of the plaintiff. On appeal the defendant made the same contention which the defendants make in the instant case. On page 590 the court said: ''The objection that the verdict should be set aside because there were no special findings on the issues raised by the cross-complaint and the answer thereto cannot be sustained. The code provides that 'in an action for the recovery of money only, or specific real property, the jury, in their discretion, may render a general or special verdict'. (Code Civ. Proc., sec. 625.) This action was for the recovery of money only, and the verdict covered all the issues presented by the pleadings. There was no necessity, therefore, for special findings.''

The conclusion just stated is reinforced by the facts contained in the record. The evidence was conflicting as to the negligence of the drivers of the respective cars. There was substantial evidence that each driver was negligent. Before the jury retired to deliberate on its verdict, without objection the clerk delivered to the jury three several forms of verdicts:

''Form I: We, the jury in the above entitled cause, find for the plaintiff and against the defendants in the sum of —— Dollars.

''Form II: We, the jury in the above entitled cause, find for the defendants.

''Form III: We, the jury in the above entitled cause, find for the defendants and cross-complainants on their cross-complaint and against the plaintiff and cross-defendant in the sum of —— Dollars.'' The jury selected and returned as its verdict Form II. It declined to return Form I and we must assume because the plaintiff was negligent. It declined to return Form III and we must assume because the defendant, Keith D. Babb, was negligent. Form II implied findings of negligence against both drivers. (*Asebez* v. *Bliss,* 178 Cal. 137, 138 [172 Pac. 595].) Hence the proper form of verdict was the one returned by the jury.

▪ (2) In entering the judgment the clerk inserted a paragraph: ''Wherefore, it is ordered, adjudged, and decreed, that the plaintiff take nothing by his complaint and that the defendants and cross-complainants take nothing by their cross-complaint.'' The defendants contend the portion of the judgment, as rendered, reading ''that the defendants

and cross-complainants take nothing by their cross-complaint'' is not supported by the verdict and does not conform thereto and is erroneous. We think the contention is not supported by the record. The expressions ''by his complaint'' and ''by their cross-complaint'' were both surplusage. But neither expression was in conflict with the meaning of the verdict, ''We, the jury in the above entitled cause, find for the defendants.'' Neither did either expression add to the legal effect of the verdict as framed.

█ (3) The verdict under attack was received and filed September 4, 1937. It was so received in the presence of the parties and their attorneys. No objection as to the form of the verdict was made by the defendants. Judgment was entered and recorded on the same day. Thereafter, on the 21st day of September, 1937, the defendants served and filed a notice of motion for an order correcting the judgment to conform to the verdict. Their notice recited that the motion would be based upon all the records, pleadings, papers and files, and upon their said notice. The plaintiff opposed said motion and offered in support of his opposition the affidavit of the deputy county clerk who was the clerk of the court during the trial, and the official court reporter who acted as the reporter when the verdict was returned. The motion was denied. At this time the defendants assert the court erred in denying their motion. The point may not be sustained. The motion was, in effect, a request to construe the verdict. Any objection to the form of the verdict, if made at all, should have been made before the jury was discharged and the change, if any, in the verdict should have been made not by the court but by the jury acting under proper instructions. (*Mitchell* v. *Stringer,* 133 Cal. App. 207, 209 [23 Pac. (2d) 765].)

We find no error in the record. The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 2, 1939. Houser, J., voted for a hearing.