[Civ. No. 11879. First Dist., Div. Two. Dec. 18, 1941.]

A. V. LEWIS, Appellant, v. PRESLEY S. WINFIELD et al., Respondents.

Nathan G. Gray for Appellant.

H. L. Richardson for Respondents.

NOURSE, P. J.—The plaintiff sued in equity, pleading three causes of action—one for damages for fraud in the inception of a contract, one charging a breach of trust, and one asking that his title to an individual one-half interest in real property be quieted. The case is founded upon an oral contract whereby the parties agreed to purchase certain real property for the sum of $2500 to repair and renovate the building thereon, and to share equally the expenses and profits therefrom. The trial court found against plaintiff on the charges of fraud and the appeal does not attack that finding. The judgment rested upon the finding that under the contract each party agreed to contribute an equal amount of money or property for the purchase, acquisition, repairing, renovating, and improving said property, and an equal amount to apply on the payment of taxes, liens, and encumbrances, and that they would then equally divide the rents and profits. It was found that plaintiff's right to demand a conveyance of his interest was contingent upon his payment of his share of these charges, but that he had failed over a period of years to do so. Judgment was entered decreeing that upon plaintiff's paying to defendants within thirty days the sum of $360.54 in addition to one-half of all taxes, liens, and penalties, the defendants should convey to plaintiff an undivided one-half interest in the property.

The plaintiff attacks the judgment on three grounds—that it decrees a forfeiture of partnership property, that it effects a dissolution of a partnership through a money judgment in favor of one against the other, and that it is not supported by the evidence.

It should be noted here that appellant took the inconsistent position of repudiating and affirming the contract in the same action. His charges of fraud run from the inception of the contract, but his suit to quiet title to the real property is founded upon an affirmation of the contract. The parties are in accord that title was not to be conveyed to appellant until he had completed all payments called for by the con-

tract. Both parties agree that these payments were not made. The real dispute between the parties relates to the separate items of credits and expense.

In relation to the first two points raised by appellant it would serve no purpose to discuss the power of the court to order either a forfeiture of the partnership interest or a dissolution of the partnership. On the broad principle of equity that where jurisdiction is once attained, and the parties have joined issue, the court will endeavor to dispose of the entire controversy, the judgment here should be affirmed if it is within the equities and not a miscarriage of justice. Though the trial court was improperly asked to both affirm and renounce the contract, the defendants joined issue on the equities and the trial court was justified in weighing the respective equities of the parties arising out of their business relations, without regard to whether they had effected a legal copartnership or a mere joint adventure. It was found upon substantial evidence that both parties agreed to bear an equal share of the expenses, and the major portion of the trial was given over to an effort to ascertain the respective credits and offsets. Manifestly if the conclusion as to what was owing by appellant was correct the only equitable thing to do was to decree that his title to the property was contingent upon his fulfillment of his part of the contract. We have said there is no dispute in the evidence that appellant had not met his obligations. He was not therefore entitled to the relief for which he prayed. But he excuses his derelictions by the showing that respondents had not met their obligations and had made unreasonable demands upon him.

Insofar as there is error claimed in the special items allowed and rejected, we have carefully examined the transcript and are unable to say that the findings are free from error. At this point we should add these pertinent facts. The appellant was a painter and plasterer by trade; the respondents were real estate operators who, contrary to the original agreement, took title to the property in their own names; the parties are all members of the negro race, and the appellant was not as well versed in business transactions as the respondents; the appellant contributed $250 in cash for the down payment; the respondents paid little or nothing; the appellant paid in cash his portion of some of the monthly

instalments, and performed manual labor for repairs; the respondents sought to offset appellant's down payment by contributing their services in making the deal; they collected all the rents from which some monthly instalments and some repairs and taxes were paid, and for which respondents deducted commissions paid to themselves. It does not appear what they paid out of their own funds for these various items. Both parties agree that the statements rendered by each are inaccurate and contain items which are either improper or incorrectly entered. The payment of $250 for the down payment and the amounts advanced for monthly payments are proper credits to be allowed the appellant, but the agreement did not authorize the respondents to offset these with a claim for services rendered as real estate brokers. The claim for compensation for labor furnished by appellant, though not payable until the property is sold should nevertheless be protected in any final judgment. Since the cause has been transformed into an action to determine the equities of the respective parties the judgment should either decree a foreclosure of the partnership, or joint venture, after a full accounting, or it should declare that the respondents hold an undivided one-half interest in the property for the benefit of appellant and find what are the respective rights and obligations under the transaction.

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.