[Civ. No. 7239. Third Dist. July 15, 1946.]

F. J. TOBOLA, Respondent, v. L. EDNA WHOLEY, Appellant.

Gerald L. Shannon and Johnson & Brawman for Appellant.

L. N. Lorenzen for Respondent.

PEEK, J.—This is an appeal from a judgment establishing and enforcing a constructive trust in favor of respondent to a one-half interest in certain personal property in the possession of appellant.

From January 24, 1924, until January 5, 1931, respondent was employed by appellant on a ranch operated by her in Shasta County. On the first mentioned date he was approximately 40 years old, and she between 60 and 65 years of age. For his services during that period he received his room and board and certain disbursements of money totaling about $400, which the court found to be a portion of the wages due him. On the last mentioned date appellant acquired by inheritance the legal title to the ranch which was then worth approximately $6,000. Thereupon, respondent and appellant entered into an oral agreement whereby respondent agreed he would claim no wages for his past services, but in lieu thereof would become half owner of the ranch and of the profits therefrom, that he would operate and manage the same for the mutual benefit of both parties and use his best efforts to improve the ranch and build up a bank account. The relationship so created was found by the court to be one of trust and confidence. Neither of the parties had sufficient funds to operate the ranch properly, and a loan of $2,500 was procured on the property. This sum, together with virtually all of the income from all sources, went into the maintenance and improvement

of the ranch. In addition thereto, respondent cashed a life insurance policy belonging to him personally and applied the proceeds, amounting to $655.52, to the operation of the ranch. He at all times had access to the bank accounts which were maintained in the joint names of the parties, and, on behalf of himself and appellant, signed the bills of sale of the livestock sold.

On May 4, 1944, the ranch, together with its stock and equipment, was sold for the sum of $18,000 cash. The twenty-five hundred dollar loan was paid, and the balance of the money was placed in joint bank accounts. At appellant's request, respondent withdrew $3,000 from one of the accounts and purchased Series E war bonds of the face value of $4,000, naming appellant as registered owner and himself as beneficiary. After giving possession of the ranch to the new owner, the parties moved to the home of appellant's sister. There, animosities developed, culminating in an altercation which landed respondent in jail, charged with battery upon appellant's sister. Shortly after respondent's arrest, appellant withdrew all the money deposited in the joint bank accounts, placed it in her own name, and refused to deliver to respondent his part of the money and the war bonds.

At the conclusion of the hearing on the action instituted by respondent, which was in the nature of a proceeding for specific performance, or to have a trust declared in certain personal property, the trial court found for him on all material issues, observing that in effect the parties had entered into a joint venture, and concluded that respondent was entitled to one-half of all the property derived therefrom. Judgment was entered accordingly.

The record discloses ample evidence to sustain the finding of the trial court to the effect that the parties agreed to pool their resources and divide the profits therefrom, and to support the court's conclusion that appellant became a trustee of respondent's share therein. As far as the character of the relationship is concerned, a somewhat similar situation existed in the case of *Bedolla* v. *Williams*, 15 Cal.App. 738 [115 P. 747], wherein it appears that one of the parties agreed to furnish all the horses and farming implements, lands, buildings, cows, dairy and dairying fixtures, and one-half of the hogs, and the other party agreed to keep the property in good condition and do all the labor necessary to carry on the business, in return for a certain share of the profits. It was

held on appeal that the agreement there in question established in legal effect a partnership or joint venture, and that the plaintiff therein was entitled to be compensated for his services not in terms of their value but by the payment of the stipulated proportion of the profits. Applying the rule in the Bedolla case to the relationship found to exist between the parties in the present case, it is apparent that the nature of respondent's title was that of a beneficiary of a constructive trust (*Sly* v. *Abbott*, 89 Cal.App. 209, 216 [264 P. 507]) and that the trial court properly so adjudged (*Lewis* v. *Winfield*, 48 Cal.App.2d 543, 546 [120 P.2d 65]).

 Appellant's attack on the findings and judgment, while purportedly based principally on asserted errors of the trial court in applying legal principles, is in fact largely directed to the weight of the evidence and the credibility of the testimony of respondent. On the question of the sufficiency of the evidence, her position appears to be this: Since, as she insists, there is little conflict in the testimony, therefore the legal effect of the evidence is a matter of law for this court, or at least one that we may approach without undue regard for the conclusions reached by the trial court. However, it must be noted that on the vital issue of the alleged oral agreement of January 5, 1931, the deposition testimony of appellant was decidedly at variance with the testimony given by respondent. Appellant's view of the situation fails to take into account the rule that even where the probative facts are undisputed, the question as to the inferences to be drawn therefrom is still within the exclusive province of the trial court, and if there is any substantial evidence to support them this court is bound by the determination of the trial court. In other words, it is just as much the function of the trial court to resolve a conflict between opposing inferences as it is to resolve a conflict between contradictory statements of fact. (*Mah See* v. *North American Accident Insurance Co.*, 190 Cal. 421, 426 [213 P. 42, 26 A.L.R. 123] ; *MacDermot* v. *Hayes*, 175 Cal. 95, 104 [170 P. 616] ; *Kelly* v. *Brown*, 2 Cal. Unrep. 536, 537 [8 P. 38] ; *Bank of America* v. *Perry*, 41 Cal.App.2d 133, 136 [106 P.2d 53] ; *Wakefield* v. *Wakefield*, 37 Cal.App. 2d 648, 655 [99 P.2d 1105] ; *Los Angeles City High School Dist.* v. *Kennard*, 94 Cal.App. 450, 452 [271 P. 342].)

Nor has appellant avoided the force of this rule by pointing out certain alleged improbabilities in the testimony of respondent concerning the transactions herein involved, and arguing

therefrom that the trial court should have found that the respondent was paid in full for his services rendered on the ranch. For instance, she contends that because respondent was able to contribute the proceeds of an insurance policy to the resources of the ranch, he must have taken from the profits thereof the money with which to keep up the premium payments; that because his testimony fails to show the disposition of a certain sum of money received in the course of the business, it should be concluded that he applied it to his own use; that his explanation of the meaning and effect of a receipt he gave to acknowledge payment of another sum of money is unworthy of belief; and that asserted discrepancies appear in his testimony as to the dates when he took over the management of the ranch, indicating that he never considered himself other than an employee or agent of appellant who was well paid for his services by taking the moneys he might sequester where he could.

This attempt to impeach the testimony of respondent is based solely on appellant's own inferences and deductions, and although to appellant they appear to be quite reasonable, they do not, merely for that reason, foreclose all others. Hence we cannot substitute them for the inferences and deductions which the trial court drew. (*Hales* v. *Snowden,* 19 Cal.App. 2d 366, 372 [65 P.2d 847].) Of course, testimony which is inherently improbable must be disregarded (*Neilson* v. *Houle,* 200 Cal. 726, 727-728 [254 P. 891]); but such action is warranted only where the testimony involves a physical impossibility or its falsity is apparent without resort to inference or deduction. (*Hales* v. *Snowden, supra,* at pages 372-373.) Such is not the nature of the testimony here.

Moreover, even if it be assumed that some of respondent's testimony was shown to be incredible, it was still the privilege of the trial court to believe the rest of his testimony which supports the findings (*Hansen* v. *Bear Film Co., Inc.,* 28 Cal.2d 154, 184 [168 P.2d 946]); and in our opinion the record discloses ample evidence to sustain the findings of the trial court in this regard.

Of even less persuasive force is appellant's argument in which certain portions of respondent's testimony are quoted to show that his right to draw upon the funds in the joint bank accounts was merely the privilege of an agent and was not given with the intention of conferring ownership on him. The rule is well established that written evidence of a joint deposit with right of survivorship, such as that intro-

duced herein, in the absence of fraud or mistake is conclusive of the fact of ownership even as between the parties. (*Hill* v. *Badeljy,* 107 Cal.App. 598, 605-606 [290 P. 637]; *Estate of Gurnsey,* 177 Cal. 211, 213 [170 P. 402]; *Kennedy* v. *McMurray,* 169 Cal. 287, 292-295 [146 P. 647, Ann. Cas. 1916D 515]; *Conneally* v. *San Francisco S. & L. Soc.,* 70 Cal.App. 180, 184 [232 P. 755]. See, also, Civ. Code, § 1828; Bank Act, Stats. 1909, p. 87, as amended; 1 Deering's Gen. Laws, Act 652, § 15a.) No such defense having been made in the present case, the parol evidence relied on by appellant is ineffectual to vary the express terms of the written contracts of deposit.

■ Appellant further contends that the oral agreement found to have been entered into by the parties was invalid under the statute of frauds, citing cases involving the performance of personal services in consideration for the promise to transfer real property, but no case is called to our attention which deals with a joint enterprise such as the one with which we are concerned herein. In such a situation, the authorities which our independent search discloses appear to be in accord to the effect that the statute of frauds is inapplicable. (*Koyer* v. *Willmon,* 150 Cal. 785, 787, 789 [90 P. 135]; *Doudell* v. *Shoo,* 20 Cal.App. 424, 441-443 [129 P. 478]; *Coward* v. *Clanton,* 79 Cal. 23, 26 [21 P. 359]; 12 Cal.Jur. § 12, p. 861; 20 Cal.Jur. § 28, p. 713.)

In any event, to permit appellant at this late date, when the agreement in question has been performed in its entirety by respondent, to rely on the defense of the statute of frauds would be manifestly unfair to respondent and would allow the appellant to be enriched unjustly at his expense. The principle here applicable was aptly stated by this court in the case of *Flint* v. *Giguiere,* 50 Cal.App. 314, 320 [195 P. 85]:

". . . In cases like this where one of the parties has performed his obligation, has suffered the detriment contemplated by the agreement, and the other party has fully received the benefit of the transaction, the chancellor has a large discretion in determining whether it would be inequitable to allow the party who gains by the contract to take refuge under the statute of frauds, and unless it can be said that such discretion has been abused, an appellate court will not interfere."

■ Appellant likewise urges that the agreement is invalid as contravening that section of the statute of frauds which deals with contracts not to be performed during the lifetime of the promisor and contracts to devise or bequeath prop-

358

erty. (Civ. Code, § 1624, subd. 6.) Her contention in this regard evidently is predicated upon certain testimony indicating that appellant had agreed to make a will in respondent's favor and that respondent had agreed to see that appellant received a decent burial. However, these asserted provisions are not mentioned in the pleadings or the findings and matters with reference thereto are therefore outside the issues in the case, particularly as appellant does not complain of the action of the trial court in omitting to make a finding with respect thereto.

It is further charged that the trial court committed reversible error in its alleged failure to make a finding with respect to the special defense of the statute of frauds, but appellant apparently has overlooked the fact the court expressly found that ''each, every and all of the allegations and denials in defendant's answer and . . . sixth . . . defenses to plaintiff's complaint, not hereinabove admitted are untrue,'' the sixth defense being the one dealing specially with the defense of the statute of frauds. Such a finding is clearly sufficient under the authorities. (See *Cleverdon* v. *Gray*, 62 Cal.App. 2d 612, 617 [145 P.2d 95].)

Although appellant also urges that respondent has come into court with unclean hands, she has failed to show what conduct on the part of respondent so prejudicially affected their relationship that to allow him to recover in this proceeding would be inequitable. (*Bradley Co.* v. *Bradley*, 165 Cal. 237, 242 [131 P. 750] ; *Wiley* v. *Wiley*, 59 Cal.App.2d 840, 842 [139 P.2d 950].)

Again, appellant charges respondent with having exercised undue influence over her, and she emphasizes the fact that she at no time received independent advice from others. However, no showing is made that appellant suffered any detriment or injury by reason of the influence exerted by respondent; and it is not evident that she would have been materially benefited by the advice of others. It appears that for 15 years appellant enjoyed a comfortable living, due largely to the efforts of respondent, and that now she may obtain the advantage of half the profits inuring from the $12,000 increase in value of the properties in question, due largely to respondent's efforts. She does not charge that the original agreement was induced by undue influence; and no transaction since that time is called to our attention which shows any unfair or oppressive act on the part of respondent which worked to appellant's disadvantage.

"As an essential element of the rule under consideration is that one person has suffered some injury through the abuse of confidence by another, that fact, it would seem, must be alleged and proved. It must be made to appear that the relationship was used to obtain an unfair advantage, or that confidence was violated." (6 Cal.Jur. § 42, pp. 73-74.)

Appellant further charges that respondent failed to care for her after the severing of their relationship. Such contention, like that made by appellant in relation to respondent's alleged failure to make a will in her favor, appears to be wholly without the issues and the findings and therefore is devoid of merit.

Nor is there any merit in appellant's contention that the trial court acted in contravention of section 704 of the Civil Code by decreeing respondent to be entitled to the possession of one-half of the war bonds. By such order, the ownership or title to the registered bonds has not been changed, but only the ability to dispose of them. Furthermore, said code section does not purport to affect questions of ownership or possession arising during the lifetime of the registered owner but only those which may arise after such owner's death. In the latter event, declares the statute, the beneficiary named in the bond (in this case the respondent) shall become the sole and absolute owner thereof. This provision therefore has no bearing on the issues herein involved.

Finally, appellant objects to a general clause in the judgment which follows the particular description of the property decreed to respondent and reads "one-half of all other personal property accumulated by plaintiff and defendant up to and including May 24, 1944," complaining that it is fatally uncertain and professing to see therein a source of future litigation. It is true that reference to the pleadings and findings fails to disclose the alleged existence of any property other than that specifically described in the decree. Whether this clause was inserted from an overabundance of precaution or to take care of possible transmutations in the property described, it appears to be without operative effect and therefore may be disregarded as mere surplusage. (*Burke* v. *Carruthers,* 31 Cal. 467, 471; *Wallace* v. *Eldredge,* 27 Cal. 495, 497; *Murray* v. *Babb,* 30 Cal.App.2d 301, 305 [86 P.2d 146]; *Hentig* v. *Johnson,* 8 Cal.App. 221, 225 [96 P. 390].)

The judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.